391 So.2d 1133 (1980)
STATE of Louisiana
v.
Roy McCloud FRANKS.
Nos. 67371, 67372.
Supreme Court of Louisiana.
November 10, 1980.
*1134 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Lowen B. Loftin, Dist. Atty., William R. Coenen, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Richard V. Burnes, Dee D. Drell, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
MARCUS, Justice.
Roy McCloud Franks was originally indicted for aggravated rape, aggravated kidnapping and armed robbery (La.R.S. 14:42, 14:44 and 14:64). Pursuant to a plea bargain, defendant withdrew his former pleas of not guilty and entered pleas of guilty to attempted aggravated rape and armed robbery. The charge of aggravated kidnapping was dismissed. The trial judge accepted the guilty pleas after determining that they were made voluntarily with understanding of the nature of the charges. A presentence investigation was ordered by the court. Subsequently, defendant was sentenced to serve eighteen years at hard labor for the attempted aggravated rape and thirty years at hard labor without benefit of parole, probation or suspension of sentence for the armed robbery. The court expressly directed that the sentences be served consecutively.
On appeal, defendant's convictions were affirmed but, finding that the trial judge had failed to state for the record the conclusions taken into account and the factual basis therefor for imposing sentence as required by La.Code Crim.P. art. 894.1 and to particularize the justification for the imposition of consecutive rather than concurrent sentences for crimes arising from a single course of conduct, we vacated the sentences and remanded the case to the trial court for resentencing. State v. Franks, 373 So.2d 1307 (La.1979).
On remand and prior to resentencing, defendant filed a motion to appoint a sanity commission and a motion to withdraw his guilty pleas. After a hearing, the trial judge denied the motions. Subsequently, defendant was sentenced to serve ten years at hard labor for the attempted aggravated rape and forty years at hard labor without benefit of parole, probation or suspension of sentence for the armed robbery. The court expressly directed that the sentences be served concurrently. On appeal, defendant relies on five assignments of error for reversal of his convictions and sentences.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to appoint a sanity commission. He argues that he presently lacks the mental capacity to understand the proceedings against him or to assist in his defense.
At the hearing on the motion, Mrs. Lois Franks, defendant's mother, testified that defendant had attended a school for slow learners for two or three years prior to quitting school at the age of sixteen. She also stated that defendant had been under medication since his incarceration on these charges and that he had undergone some form of psychiatric evaluation while incarcerated in the penitentiary at Parchman in Mississippi on a charge of grand larceny. Dr. J. C. Ellington testified that based on his memory, he had observed no signs of retardation in defendant and had no opinion concerning defendant's present ability to understand. In denying the motion, the trial judge stated that he found nothing in the evidence presented at the hearing which raised a reasonable doubt that defendant was unable to understand the proceedings against him and to assist his counsel.
*1135 Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La. Code Crim.P. art. 641. The issue of present insanity or mental incapacity to proceed may be raised at any stage of the proceedings, even after conviction. State v. Henson, 351 So.2d 1169 (La.1977); State v. Luquette, 275 So.2d 396 (La.1973). When the issue is raised, the trial court is required to order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed. La.Code Crim.P. art. 643; State v. Henson, supra; State v. Keys, 346 So.2d 169 (La. 1977). The appointment of a sanity commission to inquire into the mental condition of the accused is addressed to the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Henson, supra; State v. Nix, 327 So.2d 301 (La.1975).
In the instant case, defendant failed to produce any evidence which indicated that he lacked the capacity to understand the proceedings against him or to assist in his defense. Neither the testimony of his mother nor that of Dr. Ellington created a reasonable ground to doubt defendant's mental capacity to proceed. The trial judge based his ruling on his prior interrogation of defendant before accepting his guilty pleas and the lack of any evidence indicating a change in defendant's mental capacity to proceed since that time. Hence, we are unable to say that the trial judge abused his discretion in denying the motion to appoint a sanity commission.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion to withdraw his original pleas of guilty grounded on the claim that the pleas were not made voluntarily with understanding of the nature of the charges.
In defendant's previous appeal to this court, he asserted four assignments of error in which he argued that the Boykin examination had been inadequate, that the trial judge failed to inform him of the elements of each offense charged, that defendant failed to understand the charges or the constitutional rights waived, and that there was no indication of the factual basis for the entry of the guilty pleas. We noted at that time that we were unable to consider the merit of these contentions based on the record before us. We suggested that the same arguments might be raised in an application for a writ of habeas corpus. Acting on two other assigned errors relative to the imposition of sentence, we affirmed defendant's convictions, vacated the sentences, and remanded the case to the trial court for resentencing.
On remand prior to resentencing, defendant filed a motion to withdraw his original guilty pleas based on the identical grounds previously urged on appeal. At a hearing on the motion, defendant testified that he had only entered the guilty pleas on the advice of his then court-appointed counsel and that he failed to understand any of the questions or instructions of the court. Mrs. Lois Franks, defendant's mother, testified that she had no knowledge that her son changed his pleas from not guilty to guilty as she was in the hospital at the time. Finding that the evidence showed no cause to permit the withdrawal of the guilty pleas, the trial judge denied the motion.
La.Code Crim.P. art. 559 provides that the court may permit a plea of guilty to be withdrawn at any time before sentence. Discretion to permit a guilty plea to be withdrawn is vested in the trial judge. That discretion, however, cannot be exercised arbitrarily and abuse of discretion can be corrected on appeal. State v. Compton, 367 So.2d 844 (La.1979); State v. Andrasi, 343 So.2d 175 (La.1977).
In the instant case, the record reflects that the trial judge extensively interrogated defendant prior to accepting his pleas of guilty. Defendant was clearly informed *1136 of the charges against him and he stated that he understood those charges. Defendant was also informed of the various constitutional rights he would forego by pleading guilty. Defendant had ample assistance of counsel in making his decision to plead guilty. Based on our review of the record, we find that the original guilty pleas were made voluntarily with understanding of the nature of the charges. Hence, the trial judge did not abuse his discretion in refusing to permit defendant to withdraw his guilty pleas.
Assignment of Error No. 2 is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
Defendant contends the trial judge erred in failing to follow the sentence guidelines set forth in La.Code Crim.P. art. 894.1 and in imposing excessive sentences.
Following acceptance of defendant's pleas of guilty to attempted aggravated rape and armed robbery, the trial judge ordered a presentence investigation. The minutes indicate that the report stated that defendant abducted a sixteen-year-old female at knifepoint in Delhi and forced the victim to drive to a secluded area near Delhi. There, defendant unsuccessfully attempted to rape the victim at knifepoint and took $70 in cash from her purse. Considering the facts set forth in the report, the trial judge sentenced defendant to serve eighteen years at hard labor for the attempted aggravated rape and thirty years at hard labor without benefit of parole, probation or suspension of sentence for the armed robbery. The trial judge expressly directed that the sentences be served consecutively.
On appeal, this court affirmed the convictions but vacated the sentences and remanded the case to the trial court for resentencing because of the failure of the trial judge to state for the record the circumstances taken into account and the factual basis therefor for imposing sentence as required by La.Code Crim.P. art. 894.1 and to particularize the justification for the imposition of consecutive rather than concurrent sentences for crimes arising from a single course of conduct.
On resentencing, the trial judge sentenced defendant to serve ten years at hard labor for attempted aggravated rape and forty years at hard labor without benefit of parole, probation or suspension of sentence for the armed robbery. The court expressly directed that the sentences were to be served concurrently. The trial judge stated for the record that defendant was in need of correctional treatment and a custodial environment that could be provided most effectively by his commitment to an institution; that he had considered the content of the presentence report, the seriousness of the crimes to which defendant had admitted, the extreme jeopardy in which the young victim had been placed; that the presentence report reflected that defendant had a juvenile record for burglary and an adult conviction for auto theft in Mississippi for which he had been sentenced to two years imprisonment; and that the court had considered the provisions of La.Code Crim.P. art. 894.1(B) and found no grounds which would cause him to suspend sentence or place defendant on probation. The judge also noted that the maximum sentence that could be imposed for these offenses was one hundred and forty-nine years, whereas the sentences actually imposed were considerably less than the maximum.
La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the *1137 trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Spencer, supra; State v. Sepulvado, supra.
In the instant case, we conclude that the trial judge adequately stated for the record the considerations taken into account and the factual basis therefor for imposing sentence as required by La.Code Crim.P. art. 894.1. Additionally, after reviewing the trial judge's reasons for imposing the sentences, we are unable to say that the sentences are excessive. Clearly, the trial judge did not abuse his discretion.
Assignments of Error Nos. 3 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the sentences imposed on resentencing are more severe than originally imposed in that the period of time which he must serve without parole eligibility has been increased. Indeed, under the former sentence, defendant would have been eligible for parole after serving a minimum of thirty-six years.[1] Under the new sentence, defendant must serve forty years without parole eligibility. Defendant argues that the new sentence violates his due process rights under the United States Supreme Court decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
In Pearce, the Supreme Court held with respect to resentencing following a successful appeal:
Whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
In State v. Rutledge, 259 La. 544, 250 So.2d 734 (1971), this court followed Pearce in holding that, where a defendant's guilty plea and sentence of one year imprisonment were vacated and defendant was subsequently tried before a jury, convicted and sentenced to two and one-half years imprisonment and the reasons for the disparity between the sentences did not appear in the record, the second more severe sentence was constitutionally objectionable under Pearce. It has also been held that, where a defendant was resentenced under a statute which extended the period which defendant would have to serve without parole eligibility, the new sentence was more severe under Pearce. United States v. Hawthorne, 532 F.2d 318 (3rd Cir.), cert. denied, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976).
In the instant case, it is clear that the extended period of time which defendant would be required to serve under the new sentences without eligibility for parole constitutes a more severe penalty than that originally imposed. Because the reasons for imposing a more severe sentence do not appear in the record, the sentences must be vacated and the case remanded to the trial court for resentencing consistent with this opinion.

DECREE
For the reasons assigned, defendant's convictions are affirmed. The sentences are vacated, and the case is remanded to the district court for resentencing in accordance with the views herein expressed.
CALOGERO, J., concurs.
NOTES
[1] Under the original sentence, defendant would have been eligible for parole after serving the thirty-year term for armed robbery without parole, plus, under the provisions of La.R.S. 15:574.4, one-third of the eighteen-year sentence imposed for attempted aggravated rape, or six years.