KLIEBERT, Judge.
Defendant, Edward Johnson, Jr., was charged by bill of information with armed robbery in violation of R.S. 14:64. The defendant was arraigned on December 12, *353 1982 and pled not guilty to the charge. The bill of information was amended on January 20, 1983 to include a second count of armed robbery. The defendant entered a plea of not guilty to the second count.
A twelve man jury was impaneled and trial commenced on May 9, 1983. On the following day, the defendant withdrew his plea of not guilty to count one of the bill of information and entered a plea of guilty to the charge of armed robbery. The second count of the bill of information was dismissed on motion of the State. After conducting a full Boykin colloquy, the Honorable Walter E. Kollin, District Judge, accepted the defendant’s plea and ordered a pre-sentence investigation report.
The defendant was then ordered to appear before the court for sentencing on August 18, 1983. On that day, but before sentencing, the defendant moved to withdraw his plea of guilty and Mr. Marinaro, the originally appointed defense counsel, moved to withdraw as counsel of record for the defendant, because the defendant contended he was ill-advised by Marinaro in entering the guilty plea. The trial judge permitted Marinaro to withdraw and appointed Mr. Walker and Mr. Stegeman, both with the IDB, as defense counsel.
The newly appointed counsel then filed a motion for continuance of the motion to withdraw the guilty plea based on the grounds (1) they were newly appointed defense counsel, (2) they needed time to order a transcript of prior proceedings, and (3) they needed time to call witnesses who would corroborate defendant’s testimony that he was ill-advised to enter the guilty plea. The trial judge denied the motion for a continuance, heard the motion for withdrawal of the guilty plea, denied same, and sentenced defendant to twenty-five (25) years at hard labor, the first five years to be without benefit of parole, probation or suspension of sentence.[1]
On appeal, the defendant contends the denial of the motion for continuance deprived him of effective assistance of counsel in urging his motion to withdraw his plea of guilty. For the reasons which follow, we set aside the sentence and remand for the purpose of holding, after adequate notice, an evidentiary hearing to determine whether defendant is entitled to withdraw his plea of guilty because of ineffective representation of counsel at the time it was entered.
The transcript of the plea colloquy here and the rights waiver form reflect that the defendant was interrogated at the time the plea was entered and prior to its having been accepted by the trial court. The defendant indicated that he was satisfied with his legal representation and that his plea was voluntary and not a result of threats, promises or intimidation. The defendant was clearly informed of the charges against him and indicated that he understood those charges. The defendant was also thoroughly informed of all constitutional rights waived by pleading guilty.
At the hearing to withdraw the guilty plea, the defendant admitted voluntarily signing the rights waiver form and pleading guilty, but explained that he signed the form and pled guilty because he wasn’t properly prepared to go to trial with the attorney that had been appointed to represent him. The defendant testified that Anthony Marinaro, the court-appointed counsel for defendant who was allowed to withdraw as counsel of record, had informed him that he could get 15 years for pleading guilty, and after he signed the form, the trial judge filled in the section indicating that the defendant could be sentenced for 15 to 25 years.
The defendant denied participating in the armed robbery and expressed a desire to go to trial on the charge. He stated that he pled guilty because he was scared and felt that Marinaro didn’t seem competent enough to handle his case, and he felt Marinaro would not represent him to the best of Marinaro’s ability because of conflicts they had between them.
*354 On cross-examination, the defendant stated he did not have any trouble communicating with the trial judge or' defense counsel during the plea colloquy and that defense counsel did not force him to sign the rights waiver form. The defendant reiterated that defense counsel informed him the sentence would be 15 years and that the form was not filled in until after he signed it.
The defendant further testified that: (1) Marinaro told him Marinaro could represent him better if he were able to pay Marinaro, (2) Marinaro did not request a continuance of the trial when it appeared that defense witnesses would not appear at the trial, (3) Marinaro told the defendant that the jury would not understand his testimony if the defendant testified, due to the fact that the defendant’s jaw had been broken and wired with braces, and (4) Mari-naro told the defendant that he would “really screw” him if the defendant ever again told the trial judge something about Mari-naro’s representation after the defendant had done so on one occasion. The defendant counsel now argues that the foregoing was a form of subtle coercion issued by Marinaro to get the defendant to plead guilty. Although Marinaro was available at the hearing, neither the State nor the defendant called Marinaro to testify regarding his representation of the defendant.
The defendant’s complaints and testimony as to ineffectiveness of counsel has two facets. First, ineffectiveness of counsel at the time the plea of guilty was entered because of the performance of his appointed counsel and second, ineffectiveness of substitute counsel at the hearing of the motion to withdraw the guilty plea because of the court’s refusal to give counsel adequate time to prepare for the hearing.
La.C.Cr.P. Article 559 provides that “[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.” The discretion to permit withdrawal of a guilty plea is vested in the trial judge; however, that discretion may not be exercised arbitrarily and abuses can be corrected on appeal. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Johnson, 406 So.2d 569 (La.1981); State v. Franks, 391 So.2d 1133 (La.1980).
In State v. Galliano, 396 So.2d 1288 (La.1981), the Supreme Court, addressing the defendant’s contention that he should have been allowed to withdraw his guilty plea, at page 1290, stated:
“Because a plea of guilty waives an accused’s fundamental right to a jury trial, right to confront his accusers and privilege against self incrimination, due process requires as a prerequisite to its validity that the plea be a voluntary and intelligent relinquishment of known rights. McCarthy v. United States [394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) ], supra. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. State v. LaFleur, 391 So.2d 445 (La.1980).
Although the appellate courts will generally not review on appeal the denial of an oral motion for continuance, an exception is made where the necessity for the continuance arose unexpectedly and the defense had no opportunity to prepare a written motion. State v. Washington, 407 So.2d 1138 (La.1981). The record is unclear as to when substitute counsel were made aware of their role. As substitute counsel, in brief they contend they were aware of their proposed appointment only one hour before the time set for the hearing on the motion to withdraw the guilty plea.
Whether Marinaro’s performance was so substandard so as to deprive the defendant of his constitutional right to reasonably effective assistance of counsel cannot be determined from the hearing on the motion to withdraw the plea of guilty because the defendant’s counsel could not be effectively prepared for the hearing on the motion to withdraw the plea. Considering the seriousness of the defendant’s complaints and charges, which, if valid, would be a deprivation of his constitutional rights, *355 the defendant’s efforts to seek additional time to investigate the complaints and charges and to produce witnesses whom they contend would have supported the defendant’s testimony, in our view, the trial judge’s refusal to grant to substitute counsel the requested time to prepare for the hearing of the motion to withdraw the guilty plea effectively rendered them ineffective at the hearing and invalidates the hearing.
Accordingly, the sentence of the defendant is set aside and the case remanded to the trial court for the purpose of holding an evidentiary hearing to determine whether the defendant should be permitted to withdraw his plea of guilty because he did not voluntarily and knowingly waive his plea of not guilty due to coercion and ineffectiveness of appointed counsel.

. After the submission of the case, the State filed a motion requesting that we correct the illegal sentence. We do not consider the motion because of our remand for other reasons.