ON MOTION OF THE COURT
BOWES, Judge.
Defendant, Edward Johnson, Jr., was charged by bill of information with two counts of armed robbery (R.S. 14:64). Trial commenced on May 9,1983 before a jury of twelve. The following day, Johnson withdrew his plea of not guilty and tendered a plea of guilty to count one of the bill of information. After conducting a full Boy-kin colloquy, the trial judge accepted the defendant’s plea and ordered a presentence investigation report. As part of the plea bargain, count two was dismissed by the State.
The defendant appeared for sentencing on August 18, 1983, and, prior to sentencing, moved to withdraw his plea of guilty, contending that he had been ill-advised by trial counsel in entering the plea. Trial counsel was allowed to withdraw, and two I.D.B. attorneys, Mr. Wayne Walker and Mr. Russell Stegeman, were appointed as defense counsel. They immediately filed an oral motion for a continuance of the motion to withdraw the guilty plea. The trial judge denied the continuance, heard and denied the motion for withdrawal of the guilty plea, and sentenced the defendant to twenty-five years at hard labor, the first five years to be without benefit of parole, probation or suspension of sentence (an illegally lenient sentence).
Defendant appealed, and, in the matter entitled State v. Edward Johnson, Jr., 473 So.2d 352 (La.Ap. 5th Cir.1985), a panel of this court found that the trial judge’s refusal to grant substitute counsel a continuance to prepare for the hearing on the motion to withdraw the guilty plea effectively rendered substitute counsel ineffective at the hearing and invalidated the hearing. This court ordered that the defendant’s sentence be set aside and remanded the case to the trial court for an *39 evidentiary hearing to determine whether the defendant should be permitted to withdraw his plea.
' This court also noted that, after the submission of the case, the State filed a motion requesting that the illegally lenient sentence be corrected, but declined to consider the motion because of the remand on the plea issue. The State had, however, also filed a motion in the trial court seeking correction of the sentence, and, on June 27, 1985, the trial court judge amended Johnson’s sentence to reflect that the full twenty-five years be served without benefit of parole, probation or suspension of sentence. Defendant immediately noticed his intent to appeal from the new sentence, and that appeal has been lodged as the present matter entitled State v. Edward Johnson, Jr., No. 85-KA-630.
The opinion of this court in the first State v. Edward Johnson, Jr., supra, was handed-down eleven days after the resen-tencing on June 27, 1985. At that time, this court was unaware that the defendant had been resentenced. However, since the resentencing was based upon the same plea which the defendant was attempting to withdraw in case number 473 So.2d 352, and since the new sentence was pronounced before the hearing ordered by this court in case number 473 So.2d 352, we hold the resentencing of June 27, 1985 to be null and void and of no effect. No sentence levied against the defendant as a result of the plea bargain of May 10, 1983 could be of any effect until the hearing ordered by this court in State v. Johnson, supra, was held.
The evidentiary hearing ordered by this court was held on November 14, 1985. At that time, Edward Johnson, Jr. was allowed to withdraw the plea he entered on May 10, 1983; he again pled guilty to the same charge, waived all sentencing delays, and was resentenced to 10 years at hard labor without benefits.
Accordingly, the appeal of Edward Johnson, Jr., docketed under the number 85-KA-630, is dismissed.
APPEAL DISMISSED.