508 So.2d 915 (1987)
STATE of Louisiana
v.
Alvin SOCO.
No. KA-6436.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
*916 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joseph H. McCusker, III, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of Louisiana.
M. Craig Colwart, New Orleans, for defendant-appellant Alvin Soco.
Before SCHOTT, KLEES and LOBRANO, JJ.
KLEES, Judge.
The sole issue in this appeal is whether the defendant received an excessive sentence. Defendant was convicted of armed robbery on June 2, 1981 and was sentenced to serve ninety-nine years at hard labor. This sentence was illegal in that the trial judge failed to recite that the term was to be served without benefit of parole, probation or suspension of sentence, as is required by R.S. 14:64. Defendant appealed. On appeal, the Supreme Court affirmed the conviction, but vacated defendant's sentence due to the failure of the trial court to comply with the sentencing guidelines set forth in article 894.1 of the Code of Criminal Procedure. State v. Soco, 441 So.2d 719 (La.1983). On remand, the defendant was resentenced to serve thirty-five years at hard labor without benefit of parole, probation or suspension of sentence.
By his sole assignment of error, defendant contends that this new sentence is excessive. His argument is twofold: (1) The trial court on resentencing failed to comply with article 894.1; and (2) The resentencing is in essence harsher than the original sentence because it requires defendant to serve a greater number of years before becoming eligible for parole. Under the first sentence, vacated by the Supreme Court, defendant would have become eligible for parole in thirty-three years; whereas the new sentence requires defendant to serve the entire thirty-five year term without parole eligibility.
Defendant's first argument, that the resentencing court failed to comply with article 894.1, has no merit. With regard to this article, the Supreme Court has held that although the sentencing judge *917 need not articulate each aggravating and mitigating circumstance enumerated, the record must reflect that the court at least considered the guidelines in tailoring the sentence to the particular defendant. State v. Quebedeaux, 424 So.2d 1009 (La. 1982); State v. Thomas, 447 So.2d 1053 (La.1984).
Here, the transcript of the resentencing indicates that the trial judge reviewed the pre-sentence investigation report concerning the defendant's background. The judge noted that although the defendant had no juvenile record in the New Orleans area, he had a considerable record of prior arrests for other armed and simple robberies and two prior convictions for simple robbery, one of which had been reduced from a charge of armed robbery. The judge stated that he had reviewed the police reports and the trial transcript of this case, noting that the defendant had approached a parking lot attendant, demanded money at gunpoint, and then had slapped the victim in the face before fleeing. Considering that the defendant's other arrests for armed robbery had included instances where he had approached citizens on the street and demanded money at gunpoint, the judge found that the defendant was a danger to society and sentenced him to serve thirty-five years at hard labor without benefit of parole, probation, or suspension of sentence. The court sealed the pre-sentence investigation report and made it a part of the record for appellate purposes.
Defendant implies that the trial court erred by failing to consider his childhood background before resentencing him. However, the pre-sentence investigation report, which the trial judge indicated he had read and considered, does contain a description of the defendant's background. Although the trial court did not articulate each factor listed in art. 894.1, the record reflects that the judge was aware of these factors and considered them in imposing the defendant's sentence. See State v. Shelton, 490 So.2d 515 (La.App. 4th Cir. 1986).
Defendant's second argument is that his sentence is excessive because the resentencing judge, although he sentenced defendant to fewer years, imposed the second sentence without benefit of parole, probation or suspension, thereby correcting the illegality of the first sentence. Because it required him to serve a longer time before becoming eligible for parole, defendant argues, the resentencing court actually subjected him to a harsher sentence, thus creating a "chilling effect" on his decision to appeal the original sentence. We agree.
In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the U.S. Supreme Court held that in order for a resentencing judge to constitutionally impose a more severe sentence upon a defendant, he must recite in the record reasons "based upon objective information concerning identifiable conduct on the part of defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726; 89 S.Ct. at 2081. The Louisiana Supreme Court has consistently followed Pearce. See: State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971); State v. Franks, 391 So.2d 1133 (La.1980); State v. Wise, 425 So.2d 727 (La.1983); State v. Allen, 446 So.2d 1200 (La.1984).
In this case, the second sentence clearly was not based upon any conduct of the defendant that occurred after the original sentence was imposed. Rather, the issue is whether, as defendant claims, the second sentence is actually more severe than the first and is therefore constitutionally prohibited.
In State v. Franks, supra, the defendant pleaded guilty to charges of attempted aggravated rape and armed robbery, and was sentenced to eighteen years at hard labor on the first charge and thirty years at hard labor without benefit of parole, probation or suspension on the second charge. The trial judge expressly directed that the sentences were to be served consecutively. On appeal, the Supreme Court vacated the sentences and remanded the case to the trial court for resentencing because of the failure of the trial judge to comply with article 894.1 and to particularize the justification *918 for imposing consecutive rather than concurrent sentences. On remand, the defendant was given ten years at hard labor for the attempted aggravated rape and forty years at hard labor without benefit of parole, probation or suspension for the armed robbery, with the sentences to be served concurrently. Defendant appealed, claiming that the resentencing was more severe than the original sentences because the amount of time he had to serve without parole eligibility had been increased from thirty-six years to forty years. Citing North Carolina v. Pearce, supra, and United States v. Hawthorne, 532 F.2d 318 (3rd Cir.), cert. denied, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976), the Louisiana Supreme Court vacated the sentences and remanded the case, holding that "the extended period of time which defendant would be required to serve under the new sentences without eligibility for parole constitutes a more severe penalty than that originally imposed." 391 So.2d at 1137.
In the instant case, as in Franks, the resentencing court decreased the maximum number of years defendant may have to serve, but increased the amount of time he must serve without parole eligibility. Therefore, under Franks, defendant's new sentence constitutes a more severe punishment than his original sentence, and cannot be upheld absent the additional justification mandated by the Supreme Court in North Carolina v. Pearce.
In its brief, the State argues that the resentencing should not be considered more severe because the first sentence was illegally lenient, and the Code of Criminal Procedure specifically gives appellate courts the right to correct such sentences even when the State has not appealed. La. C.Cr.P. art. 882. We have recently held, however, that despite the 1984 amendment to article 882, we will not correct an illegally lenient sentence on the defendant's appeal because of the "chilling effect" upon exercise of the right to appeal. State v. Wright, 483 So.2d 1104 (La.App. 4th Cir. 1986). See also State v. Wise, supra, wherein the Supreme court held that the trial court's correction of an illegal sentence on remand from defendant's appeal constituted a more severe penalty, which was held unconstitutional. Therefore, the fact that defendant's first sentence was illegally lenient does not change our conclusion that the resentencing subjected defendant to a harsher penalty, which is prohibited under State v. Franks, supra. (For an opposing view, see State v. Sepcich, 485 So.2d 559 (La.App. 5th Cir.1986)).
Accordingly, for the reasons stated herein, defendant's sentence is amended and reduced to thirty-three (33) years at hard labor without benefit of parole, probation or suspension of sentence.
SENTENCE AMENDED AND RENDERED.
LOBRANO, J., concurs.
LOBRANO, Judge, concurs.
I concur in the majority result because of the holding of State v. Franks, 391 So.2d 1133 (La.1980). However, I am not convinced that 35 years without parole eligibility is a harsher sentence than 99 years with parole eligibility. Defendant is guaranteed his release after 35 years, whereas he is not guaranteed a parole after 33 years, only that he is eligible.