PLOTKIN, Judge.
Defendant Cleveland Mitchell appeals the trial court’s action in resentencing him to 33 years at hard labor without benefit of parole, probation or suspension of sentence, claiming that sentence is harsher than his original sentence to 35 years at hard labor because it requires he serve a greater number of years before becoming eligible for parole. We agree and reinstate the original trial court sentence.
*1137 The defendant was convicted of armed robbery on November 19, 1980. On December 12, he was sentenced to serve 35 years at hard labor. On February 3, 1981, he pled guilty to being a multiple offender, his original sentence was vacated and he was sentenced to 35 years at hard labor. Both those sentences were illegally lenient because the trial judge failed to recite that they were to be served without benefit of parole, probation or suspension of sentence as required by LSA-R.S. 14:64. We note that even though the sentences were illegally lenient, we decline to correct it on review when that error is favorable to the appellant and has not been argued by the State. State v. Fraser, 484 So.2d 122 (La. 1986).
The defendant’s conviction and sentence were affirmed by the Louisiana Supreme Court. After the defendant petitioned for post conviction relief, the district court granted the application and ordered the defendant returned to court “for the sole purpose of being advised of his rights under LSA R.S. 15:529.1.” The sentence and his plea of guilty to the multiple bill were subsequently vacated by the trial court on post-conviction relief because the defendant was not properly Boykinized prior to pleading guilty to the predicate offense and because he was not adequately advised of his rights prior to his plea on the multiple bill. On February 27, 1987, he was resentenced to serve 33 years at hard labor without benefit of parole, probation or suspension of sentence.
The defendant argues that the case at bar should be decided following the reasoning in State v. Soco, 508 So.2d 915 (La.App. 4th Cir.1987). In Soco, this court ruled that because a resentence cannot be more severe punishment than the original sentence, a resentencing court may not increase the amount of time that a defendant is required to serve without parole eligibility unless there is additional justification based upon the defendant’s conduct after his original sentencing.
Under the applicable law at the time the defendant was originally sentenced, the defendant would have become eligible for parole consideration after one-third of 35 years, or in 11 years and 8 months. Under the resentence, defendant would be ineligible for parole for the entire 33-year sentence. We agree with the defendant that the trial court erred in his resentence which is more severe than his original sentence. Since the court assigned no stated reasons for the more severe sentence, it must be set aside.
However, the Soco decision is distinguishable from the instant case. In the case at bar, the defendant’s original sentence of 35 years was not questioned in the application for post conviction relief. At that hearing, the defendant was given the harsher sentence that is the issue in this appeal. We will not, therefore, reduce the defendant’s sentence to only that time which he would have been required to serve prior to parole eligibility on his original sentence, because that sentence was not contested. Although we vacate the resentence because it is more severe, we reinstate the original sentence as it whs handed down by the trial court.
For the above and foregoing reasons, we vacate the habitual offender sentence of 33 years at hard labor without benefit of probation, parole or suspension of sentence. We reinstate the trial court’s original sentence of 35 years with parole eligibility.
CONVICTION AFFIRMED; SENTENCE MODIFIED.