WILLIAMS, Judge,
dissenting in part.
In State v. Soco, 508 So.2d 915 (La.App. 4th Cir.1987), this Court ruled that because a resentence cannot be more severe punishment than the original sentence, a resen-tencing court may not increase the amount of time that a defendant is required to serve without parole eligibility unless there is additional justification based upon defendant’s conduct after his original sentencing. The spirit of this rule is that in resen-tencing a defendant after he has (partially) prevailed on appeal, the resentencing court cannot reward the victorious defendant for raising meritorious claims either by increasing his maximum sentence or by de *1138 creasing his parole eligibility from his prior sentence. Hence, in my opinion, Soco’s rule was disregarded when the majority vacated defendant’s maximum sentence of 33 years and reinstated one of defendant’s prior sentences of 35 years.
Defendant was originally sentenced to serve 35 years at hard labor with parole eligibility after 11 years and 8 months. On resentencing, defendant was sentenced to serve 33 years at hard labor without parole eligibility. The majority has now vacated that sentence and reinstated defendant’s “original sentence of 35 years with parole eligibility”. However, instead of reinstating defendant’s original sentence of 35 years with parole eligibility, I believe defendant’s corrected sentence should be no greater than the sentence of 33 years at hard labor that he had immediately prior to this appeal. Correcting the sentence in regard to parole eligibility is only one aspect of an unconstitutional sentence under Soco. Consequently, in my opinion, defendant’s maximum sentence should be 33 years at hard labor with parole eligibility after 11 years, 8 months.
For the reasons assigned I respectfully dissent from the sentence reinstated by the majority.