580 So.2d 906 (1991)
STATE ex rel. Cleveland MITCHELL
v.
STATE of Louisiana.
No. 89-KH-2532.
Supreme Court of Louisiana.
May 6, 1991.
Rehearing Denied June 13, 1991.
Dissenting Opinion June 21, 1991.
James E. Boren, Baton Rouge, for Cleveland Mitchell, relator.
Harry Connick, Jack Peebles, Charmagne Padua, New Orleans, for State of La., defendant-respondent.
Dissenting Opinion of Justice Lemmon June 21, 1991.
HALL, Justice.
After conviction of armed robbery, defendant was sentenced in December 1980 to 35 years at hard labor without mention of parole ineligibility as required by LSA-R.S. 14:64. Defendant was later adjudicated a habitual offender and was again sentenced to 35 years without mention of *907 parole ineligibility. His conviction and sentence were affirmed on appeal. State v. Mitchell, 420 So.2d 686 (La.1982).
In 1986, the habitual offender adjudication and sentence were set aside by a successor judge pursuant to defendant's application for post-conviction relief, and the habitual offender bill was not pursued. After ordering a pre-sentence report, the successor judge sentenced defendant to 33 years at hard labor without benefit of parole. On defendant's appeal from this sentence, the court of appeal held that the 33-year sentence without parole eligibility was harsher than the 35-year sentence with parole eligibility, and that defendant could not be given a harsher sentence upon resentencing. The court reinstated the original sentence of 35 years at hard labor "with parole eligibility." State v. Mitchell, 547 So.2d 1136 (La.App. 4th Cir.1989).
Not satisfied with this relief, defendant applied for writs, which were granted, 568 So.2d 1047 (La.1990), primarily to consider the recurring problems arising out of sentences in cases where the sentencing judge does not state that the sentence is to be served without benefit of parole although the statute prescribing the penalty provides that the sentence shall be served without benefit of parole, so-called "illegally lenient" sentences.
Because the state did not apply for writs, however, the scope of our review is limited to consideration of the defendant's claim for further relief; other issues raised in the state's brief and which we may have anticipated addressing must await a proper case.[1] We conclude that defendant is not entitled to further relief and recall the writ as improvidently granted.
In the court of appeal, the defendant argued that the 33-year sentence without benefit of parole is harsher than the original 35-year sentence with parole eligibility, and that the trial judge could not sentence him to a harsher sentence upon resentencing after his successful post-conviction relief petition because of the chilling effect on asserting constitutional rights by post-conviction relief. Noting that he would have been eligible for parole under his original sentence in 11 years, 8 months (one-third of the sentence) and would not be eligible for parole under the new sentence for the full 33-year term thereof, defendant specifically asked that his sentence be reduced to 11 years, 8 months without eligibility for parole, the procedure followed by the Fourth Circuit in State v. Soco, 508 So.2d 915 (La.App. 4th Cir.1987), a similar case. The Fourth Circuit distinguished Soco, and reinstated the original sentence of 35 years with parole eligibility. One judge dissented, believing that the court of appeal could not increase the term of years imposed by the trial court and that the sentence should be reduced to 33 years with parole eligibility.
Now, in this court, defendant urges that the reinstatement of his original sentence by the court of appeal results in a harsher sentence than the sentence imposed by the trial court because it is longer in years and, primarily, because of an alleged policy of the parole board of not granting parole to persons serving sentences who are statutorily ineligible for parole even though the sentence imposed by the sentencing judge does not prohibit parole eligibility.
Specifically, the relief sought by defendant in this court is to (1) reduce the sentence to 11 years, 8 months without parole *908 eligibility, or, alternatively, (2) remand the case to the trial court for an evidentiary hearing to establish the policy of the parole board and for resentencing to a sentence no harsher in any respect than the one originally imposed, which would have allowed parole eligibility in 11 years, 8 months.
The basic premise of defendant's appeal from the resentencing is that the second sentence could not be harsher than the original sentence under the principle of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), followed by this court in State v. Franks, 391 So.2d 1133 (La.1980) and other cases. These cases stand for the proposition that the imposition of a harsher sentence upon resentencing after a successful appeal or post-conviction relief petition would have a chilling effect on a defendant's due process rights of review and is not permissible absent articulated justification.
Thus, the starting point or linchpin of defendant's appeal from the resentencing is a comparison of the second sentence with the original sentence. The court of appeal reinstated the original sentence, which is the ultimate relief to which defendant could possibly be entitled on his appeal. Defendant cannot now be heard to turn his argument around and urge that the original sentence which was reinstated by the court of appeal is harsher than the second sentence imposed by the trial court on resentencing, which he urged was harsher than the original sentence as the basis for relief in the court of appeal.
Defendant is not entitled to the form of relief fashioned by the Fourth Circuit in State v. Soco, supra. In Soco, the defendant was sentenced for armed robbery to 99 years at hard labor, without mention of parole eligibility. The sentence was vacated on appeal due to failure of the trial court to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. On remand, defendant was sentenced to 35 years at hard labor without benefit of parole. On appeal from the resentencing, the Fourth Circuit found the second sentence harsher than the original sentence because under the original sentence defendant would have become eligible for parole in 33 years, whereas the new sentence required defendant to serve the entire 35-year term without parole eligibility. The court amended and reduced the sentence to 33 years at hard labor without benefit of parole.
Defendant urges that he is entitled to the same sort of relief here, reduction of his sentence to the number of years, 11 years, 8 months, he would have had to serve to reach parole eligibility. There is no legal basis for the Soco approach or applying it in this case. To reduce defendant's sentence to 11 years, 8 months would require his release and discharge at the end of that term, a much more favorable sentence than that originally imposed and reinstated by the court of appeal. The original sentence, under existing jurisprudence, would allow only parole eligibility, not automatic release, at the end of that period. Parole eligibility does not guarantee parole, even absent the alleged no parole policy of the parole board, and parole, even if granted, carries conditions that extend beyond the date parole is granted. Defendant is not entitled to a more lenient sentence than the original sentence imposed, which itself was more lenient than statutorily required.
Defendant's argument concerning parole board policy is premature. The allegation made in brief is that the parole board has a policy of denying parole to anyone convicted of a crime which, by statute, is punishable by imprisonment without benefit of parole, e.g. armed robbery, even though the sentencing court imposed sentence without mention of parole ineligibility. It is argued that this policy runs counter to the decisions in State ex rel. Almore v. Criminal District Court, 433 So.2d 712 (La.1983) and State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984), both per curiam opinions which held that the custodian's obligation is to see that only the sentence imposed is the sentence served, and ordered the Department of Corrections to correct their records to show the sentence to be served as imposed without restriction as to parole eligibility.
*909 As stated, the claim is premature in this case. The existence of such a policy of the parole board has not been established by evidence in the record, being supported only by copies of letters attached to filings in the appellate courts which are not conclusive. Defendant is not yet eligible for parole and does not allege that he has been denied parole. Any claim relating to eligibility for parole should be brought in an appropriate proceeding in an appropriate court at such time as defendant is adversely affected by action or non-action of the parole board. See LSA-R.S. 15:571.15 and 574.2(B)(2).
For the reasons assigned, the writ previously granted is recalled as improvidently granted, and defendant's application is denied.
Writ recalled and application denied.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
The key to resolving the maze of complex procedural and substantive issues which arose when the original sentencing judge sentenced relator to thirty-five years imprisonment, without denying parole eligibility, depends upon the judge's intention at the time of sentencing. I would therefore remand the case to the district court for an evidentiary hearing to determine that intention.
The original sentence pronounced by Judge Oliver P. Schulingkamp on December 12, 1980 conflicted with La.Rev.Stat. 14:64 B's requirement that the term of imprisonment be without benefit of parole, probation or suspension of sentence. The judge's error can be explained in one of two ways: (1) the judge inadvertently omitted the denial of parole eligibility and intended a sentence of thirty-five years without benefit, or (2) the judge momentarily forgot the statutory requirement of denial of parole eligibility and intended a sentence in which relator would be eligible for parole in approximately twelve years. At any time after sentencing, either relator or the prosecutor could have clarified the error by filing a motion to correct the illegal sentence under La.Code Crim.Proc. art. 882, or the sentencing judge could have corrected the error on his own motion.[1]
When a sentencing judge commits this type of error, the appropriate procedure is for either the prosecutor or the defendant to file a motion to correct the sentence. Even if the sentencing judge has left office (as happened in this case), either party may still obtain clarification of the sentence in the same manner. Upon filing of the motion by either the prosecutor or the defendant, the successor judge can conduct an evidentiary hearing to determine the intention of the sentencing judge. Evidence as to that intention may consist of the testimony of the sentencing judge, if available, of proof of sentences by the same judge with similar crimes and offenders within the same time period, and of other proof bearing on the question of intention. After such a hearing, the successor judge may resentence the defendant to the penalty intended to be imposed by the sentencing judge.[2]
In the present case, when relator in 1986 successfully challenged the validity of the *910 multiple offender proceeding, the successor judge apparently noticed the error in the original sentence.[3] At that time the successor judge should have conducted an evidentiary hearing to determine the basis of the error and should have corrected the original sentence to conform to the intention of the sentencing judge in 1980.
Under these circumstances this court should reverse the judgments of the lower courts and remand the case to the district court for such a hearing. If the successor judge after the hearing determines that the sentencing judge intended for relator to be eligible for parole after approximately twelve years, then he can render a legal sentence which conforms as nearly as possible with that intention (just as the sentencing judge could have done if he had noticed the error on the day after sentencing). On the other hand, if the successor judge determines that the sentencing judge intended for relator to serve thirty-five years without benefit, then he can correct the sentence to reflect that intention.[4] The latter decision would simply be a determination that relator never had any right to the illusory parole eligibility that appeared to result from the sentencing judge's inadvertent omission.

ON APPLICATION FOR REHEARING.
PER CURIAM:
Defendant's pro se application for rehearing is denied. However, treating his alternative prayer that the case be remanded to the district court for resentencing as a motion under LSA-C.Cr.P. Art. 882 to correct the "illegally lenient" sentence reinstated by the court of appeal, the motion is referred to the district court for consideration in accordance with the procedure and guidelines set forth in State ex rel. Jackson v. Smith, 578 So.2d 1150; State v. Washington, 578 So.2d 1150; and State v. Desdunes, 579 So.2d 452.
NOTES
[1] Other issues arising out of "illegally lenient" sentences which might be addressed or reexamined in an appropriate case or cases are:

(1) Whether a sentence for a crime punishable by imprisonment without benefit of parole imposed without mention of ineligibility for parole is nevertheless subject to the statutory requirement of ineligibility.
(2) When and by what court and through what procedure may an "illegally lenient" sentence be corrected in accordance with LSA-C. Cr.P. Art. 882.
(3) The present status of the North Carolina v. Pearce rule in light of later United States Supreme Court cases, as applied to resentencing where the original sentence was "illegally lenient" and subject to correction.
(4) How to compare in terms of harshness a sentence to a term of imprisonment with benefit of parole to a sentence to a shorter term of imprisonment without benefit of parole.
(5) The authority of the parole board to adopt a no parole policy for prisoners who have received an "illegally lenient" sentence.
[1] The Department of Corrections has no right to alter an illegal sentence so that it complies with the statute. State v. Almore, 433 So.2d 712 (La.1983). The Department must comply with the penalty rendered by the sentencing judge. The Department, in its own right, also has no standing to demand a clarification or correction, but it would be appropriate for the Department to point out respectfully to the sentencing judge any error in sentencing so that the error by be corrected without the significant lapse of time which generally complicates this type of case.
[2] When the successor judge makes a good faith determination of the penalty intended by the sentencing judge, a claim of vindictiveness is not likely to be successful, as long as there is justification (such as an inadvertent mistake) for imposing the sentence originally intended. A defendant is not entitled to insulation from correction of an error in sentencing favorable to him when the sentencing judge, in accordance with his original intent, simply sets aside what he had no authority to do and then pronounces the harsher sentence required by law. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). Any claim of vindictiveness can be handled on a case-by-case basis.
[3] The judge imposed a new sentence of thirty-three years, but added the denial of parole eligibility.
[4] This position is consistent with decisions such as State v. Jackson, 452 So.2d 682 (La.1984), which, while prohibiting appellate courts from reaching out to correct an illegally lenient sentence when the defendant alone appealed, noted that it was more appropriate for the sentencing judge to correct such errors to conform with his intention at the time of sentencing. An appellate court's correction of an illegally lenient sentence (based on the assumption that the sentencing judge inadvertently omitted the denial of parole eligibility) may deprive a defendant of the right to have the sentencing judge exercise informed discretion.

Here, the district court may directly correct a sentencing error to reflect the intention of the sentencing judge when the defendant has expressly or impliedly requested such clarification, because there is no chilling effect on requests for clarification and no vindictiveness in carrying out the original intention at sentencing.