# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 13-813

**STATE OF LOUISIANA**

**VERSUS**

**ROBERT EDWARDS, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2012-1952
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED AS AMENDED.**

**Herbert Todd Nesom**
**District Attorney**
**Joe Green**
**Assistant District Attorney**
**33rd Judicial District Court**
**Post Office Box 839**
**Oberlin, Louisiana 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Brent A. Hawkins**
**Louisiana Appellate Project**
**Post Office Box 3752**
**Lake Charles, Louisiana  70602**
**(337) 502-5146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Robert Edwards, Jr.**

**CONERY, Judge.**

Defendant, Robert Edwards, Jr., was charged with one count of possession with intent to distribute a controlled dangerous substance, Schedule III, hydrocodone, a violation of La.R.S. 40:968(A)(1); one count of possession with intent to distribute a controlled dangerous substance, Schedule II, cocaine, a violation of La.R.S. 40:967(A)(1); one count of obstruction of justice, a violation of La.R.S. 14:130.1(B)(2); one count of possession of marijuana, second offense, a violation of La.R.S. 40:966(E)(2) and 40:982. Defendant pled no contest to the charges on September 17, 2012, pursuant to a plea agreement. The State dismissed one count of illegal carrying of a weapon, a violation of La.R.S. 14:95(E), and agreed not to charge Defendant as a habitual offender in exchange for the plea.

Defendant was mistakenly sentenced on November 29, 2012, to three years at hard labor for possession of a controlled dangerous substance, Schedule III; to three years at hard labor on the conviction for possession of a controlled dangerous substance, Schedule II; to two years at hard labor on the conviction for obstruction of justice; and two years at hard labor on the conviction for possession of marijuana, second offense. The sentences were ordered to be served concurrently. The trial court further delayed execution of the sentences until December 26, 2012.

Before Defendant began serving his sentence, on December 3, 2012, the State filed a "Motion to Reset Sentencing," asserting that the transcript of the no contest plea hearing showed that Defendant pled no contest to possession with intent to distribute both hydrocodone and cocaine, rather than simple possession of each drug, and requested that Defendant be resentenced in accordance with the charges to which he had entered a no contest plea. A hearing was held on December 10, 2012, and the trial court vacated the sentences that had been

mistakenly imposed and resentenced Defendant to six years at hard labor on the conviction for possession with intent to distribute hydrocodone; eight years at hard labor on the conviction for possession with intent to distribute cocaine, with the first two years to be served without benefit of parole, probation, or suspension of sentence; three years at hard labor on the conviction for obstruction of justice; and four years at hard labor on the conviction for possession of marijuana, second offense. All the sentences were again ordered to be served concurrently.

Defendant has perfected an appeal wherein he alleges that the trial court did not have authority to resentence him, and that the trial court erred when it resentenced him to sentences greater than the vacated sentences. For the following reasons, we affirm Defendant's sentence as amended.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There is an error patent regarding whether the trial court had authority to impose payment of certain fees. The trial court ordered Defendant to pay one hundred dollars to D.A.R.E., fifty dollars to the Louisiana Commission for Law Enforcement for Drug Abuse Education and Treatment, and two hundred and fifty dollars to Southwest Louisiana Crime Lab.

In *State v. Moore*, 93-1632, p. 3 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, 563, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858, this court stated, "[a]n illegal sentence is one not 'authorized or directed by law.' *State v. Johnson*, 220 La. 64, 55 So.2d 782 (1951)." Some of the costs imposed by the trial court were not duly authorized by law.

Louisiana Code of Criminal Procedure Article 895.1 provides, in pertinent part:

2

B. *When a court suspends the imposition or the execution of a sentence and places the defendant on probation*, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant[.]

(Emphasis added.)

In *State v. Belton,* 11-948 (La.App. 3 Cir. 3/7/12), 88 So.3d 1159, the trial court ordered the defendant to pay five hundred dollars to the public defender's office and pay one hundred fifty dollars to the crime lab without suspending a portion of the sentence and placing the defendant on probation. This court recognized the error on error patent review and held in pertinent part:

In *State v. Lozado*, 594 So.2d 1063, 1067 (La.App. 3 Cir. 1992), this court noted:

Lastly, we bring to the sentencing court's attention the provisions of LSA-C.Cr.P. Arts. 895 and 895.1 which require that before the sentencing court orders the payment of a fee to defray the expenses of probation supervision and the making of restitution to the Indigent Defender Board, it must suspend defendant's sentence.

In *State v. Frith*, 561 So.2d 879 (La.App. 2 Cir.), *writ denied*, 571 So.2d 625 (La.1990), the defendant was convicted of simple burglary. He was sentenced to two years at hard labor and ordered to pay a $500.00 fine, $162.50 in restitution to the victim, $300.00 to the Indigent Defender Board, and all court costs. On appeal, on error patent review, the court held, in pertinent part:

Second, LSA-C.Cr.P. articles 895 and 895.1 authorize restitution and payment to the indigent defender program as a condition of probation only when the trial court suspends the imposition or execution of sentence. *State v. Fluitt*, 482 So.2d 906 (La.App. 2d Cir.1986); *State v. Starks*, 471 So.2d 1029 (La.App. 1st Cir.1985). []

*Id*. at 883.

In this case, the trial court did not suspend imposition or execution of the Defendant's sentence and place him on probation.

Additionally, La.Code Crim.P. art. 887 provides, in pertinent part:

> G. In addition to the costs provided in Paragraphs A, C, D, E, and F, a person convicted of a violation of the Uniform Controlled Dangerous Substances Law may be assessed an additional one hundred dollars as special costs of court. Such special costs shall be imposed by all courts and shall be used for the development or maintenance of Drug Abuse Resistance Education (D.A.R.E.) programs.

Accordingly, pursuant to La.Code Crim.P. art. 887(G), this court finds the trial court's ordering the Defendant to pay a one hundred dollar payment to D.A.R.E. was permissible.

However, this court finds that imposition of the fees to the Louisiana Commission on Law Enforcement and to the Southwest Louisiana Crime Lab are not an imposition of costs allowed under La.Code Crim.P. art. 887. This Court hereby amends Defendant's sentence by deleting the provisions requiring payment of fifty dollars to the Louisiana Commission for Law Enforcement for Drug Abuse Education and Treatment and two hundred and fifty dollars to Southwest Louisiana Crime Lab. The trial court is instructed to note the amendment in the court minutes.

## DISCUSSION OF ASSIGNMENTS OF ERROR

When Defendant entered into his plea agreement, the facts were recited to the trial court by the State to support Defendant's no contest plea:

> [O]n or about December 1st, 2010, Allen Parish Narcotics Task Force received information that Mr. Edwards was selling pills and/or cocaine. They did a knock and talk terry [sic]. Whenever they drove up they saw Mr. Edwards who walked away from the officer going to the garage area of his residence. He indicated he wanted to speak with one of the officers wherein he admitted to selling his Hydrocodone medication. He gave consent to search the residence. He brought the officers in and showed them where the Hydrocodone medication was. It was located in a safe, which he opened. Inside the safe was a pill bottle of Hydrocodone belonging to Mr. Edwards having been filled the day before, supposedly having a hundred and twenty (120)

4

quantity; however now it only had thirty (30). He admitted to selling some of those, taking some of those. Also in that same safe was a bag of marijuana. One of the officers located a bottle and a blood test strip bottle. And he admitted that it had crack cocaine. This was found over in the garage area above where a board was at, it had been placed up there. At first Mr. Edwards denied the cocaine was his, said it was someone else's. And then he said if you don't arrest me I'll tell you the truth about the cocaine. And he never gave a statement after that.

The factual basis was established and was sufficient to support the plea.

Initially, this court notes that Defendant's allegation that the trial court did not have the authority to resentence him is without merit. A trial court has no authority to amend a hard labor sentence once a defendant has begun serving it. *State v. Wimberly*, 32-984 (La.App. 2 Cir. 7/29/99), 760 So.2d 355. However, following Defendant's sentencing on November 29, 2012, the trial court deferred execution of the sentences due to Defendant's medical issues until December 26, 2012. Louisiana Code of Criminal Procedure Article 881(A) provides that "[a]lthough the sentence is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence." At the time the State filed its motion to reset sentencing on December 3, 2012, Defendant had not begun to serve the sentences.

Defendant also argues that the trial court had no authority to increase the sentences without providing a factual basis for the more severe punishment. Defendant cites *State v. Mitchell,* 547 So.2d 1136 (La.App. 4 Cir. 1989), *writ recalled and writ denied,* 580 So.2d 906 (La.1991), for the proposition that a resentencing trial court cannot increase a sentence that a defendant is required to serve unless there is justification based upon the defendant's conduct after his original sentencing.

5

*Mitchell*, however, is distinguishable from the current case. In *Mitchell*, the defendant's resentencing involved the same offense, armed robbery. Defendant, in the current case, was mistakenly sentenced for different offenses than the ones to which he had actually entered a no contest plea—simple possession instead of possession with the intent to distribute. Simple possession offenses are punishable by a lesser range of imprisonment. Obviously, the severity of the offense increases the severity of the sentence.

At the December 2012 resentencing, the trial court noted that the court minutes, which indicated Defendant had pled no contest to possession of hydrocodone and cocaine, instead of possession with intent to distribute, were wrong. Furthermore, at the December 2012 resentencing, Defendant acknowledged he had pled no contest to possession with intent to distribute hydrocodone and cocaine and made no objections.

Finally, and most importantly, Defendant did not file a motion to reconsider the sentences on any grounds. Louisiana Code of Criminal Procedure Article 881.1 provides that a defendant has thirty days from the date of the imposition of the sentence to file for reconsideration. If the defendant fails to do so, he is precluded from raising sentencing matters on appeal or review. La.Code Crim.P. art. 881.1(E). Accordingly, Defendant is precluded from now raising the issue on appeal. In any event, the trial court did not commit error in this case in increasing the sentences to reflect the proper offenses to which Defendant pled. There is no merit to these two assignments of error.

## DISPOSITION

We amend Defendant's sentence by deleting the provisions requiring payment of fifty dollars to the Louisiana Commission for Law Enforcement for

6

Drug Abuse Education and Treatment and two hundred and fifty dollars to Southwest Louisiana Crime Lab. Additionally, we order the trial court to correct the minutes to reflect the amendment to Defendant's sentence. Except as amended, Defendant's sentences are affirmed.

**AFFIRMED AS AMENDED.**