425 So.2d 727 (1983)
STATE of Louisiana
v.
Larry WISE.
No. 82-KA-0350.
Supreme Court of Louisiana.
January 10, 1983.
*728 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., for plaintiff-appellee.
Steven L. Porter, Colvin, Hunter, Brown, Plummer & Means, Mansfield, for defendant-appellant.
DIXON, Chief Justice.
Defendant Larry Wise was charged by bill of information with aggravated burglary in violation of R.S. 14:60. After a preliminary hearing the prosecutor agreed to accept a plea of guilty to a lesser offense, and the defendant withdrew his plea of not guilty and entered a plea of guilty to simple burglary of an inhabited dwelling. R.S. 14:62.2. The trial court ordered a presentence report, and on May 27, 1981 sentenced the defendant to three years at hard labor without benefit of parole, probation or suspension of sentence.
The trial court based its sentence upon the factual considerations that the defendant (1) appeared to be the principal actor in the crime; (2) took a firearm from the residence; (3) fled from apprehension by going to the State of Texas; and (4) remained in Texas for five months. Defendant filed for post conviction relief on the ground that his sentence of three years without benefit of parole, probation or suspension of sentence was illegal.
R.S. 14:62.2 provides a minimum sentence of one year at hard labor without benefit of parole, probation or suspension of sentence with a maximum sentence of twelve years at hard labor. At the hearing on November 24, 1981 the trial court vacated the original sentence and resentenced the defendant to six years at hard labor, the first year to be served without benefit of parole, probation or suspension of sentence. Defendant now appeals his sentence urging three assignments of error.
On January 26, 1981 Larry Wise and James Morrison broke into the isolated home of Jack Gamble. While the burglary was in progress, Gamble arrived home and observed the two intruders attempting to escape out of the back of his home. Gamble pursued the two men with his pistol, apprehended Morrison, and returned with him to his home. Defendant escaped with a .22 caliber rifle, but dropped it while running through the woods near Gamble's home. Morrison told Gamble the name of the other man and Gamble called the police with this information. Several items in his home had been set aside in preparation to be carried away, but they were left behind when the men fled in haste. Five months later defendant surrendered himself for arrest after a fugitive warrant had been issued.

Assignment of Error No. 1
Defendant contends that the trial court on resentencing erred when it imposed an increased sentence of six years at hard labor. Defendant argues that the trial court did not articulate sufficient facts to justify the imposition of a greater sentence upon resentencing, and that the trial court's reliance on the previously enumerated reasons for sentencing fails to support the increase. This, the defendant contends, is in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
During the resentencing hearing the trial court found that there had been no plea bargain as to any particular sentence originally, and held that all the defendant was entitled to on resentencing was a legal sentence. The trial court did not provide any new reasons for imposing an increased sentence, but merely relied upon the reasons previously stated when the original illegal sentence was imposed.
North Carolina v. Pearce, supra, held that although there is no absolute constitutional bar to the imposition of a more severe sentence upon retrial, the due process clause of the Fourteenth Amendment does have an impact when a greater sentence is given. 395 U.S. at 723-725, 89 S.Ct. at 2079-2080. The major concern of the United States *729 Supreme Court in that case was avoiding the possibility of vindictiveness upon the defendant for a successful attack of his conviction or sentence upon retrial or resentencing. The due process clause of the Fourteenth Amendment was found by the United States Supreme Court to require that defendants be free from even the suspicion of a retaliatory motive, for "... the very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to `chill the exercise of basic constitutional rights.'" 395 U.S. at 724, 89 S.Ct. at 2080. To avoid the possibility of this vindictive motive the Court established the following device, which it felt was mandated by the Fourteenth Amendment:
"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." North Carolina v. Pearce, supra 395 U.S. at 726, 89 S.Ct. at 2081.
Although the six year sentence was apparently imposed to subject the defendant to the same amount of time he might have actually served under the initial sentence, the entire six year sentence is still a real possibility. It appears that a greater sentence was imposed without new and additional justifications required by North Carolina v. Pearce. The sentence must be vacated and the case must be remanded for resentencing, for to do otherwise would penalize the defendant for having successfully exercised his right of review. In Re Clyde D. Merritt, 391 So.2d 440, 445 (La.1980); State v. Cook, 372 So.2d 1202, 1205 (La. 1979). The record contains no evidence of defendant's behavior since the original sentencing on May 27, 1981 which would justify the increased sentence following the granting of his application for post conviction relief. State v. Franks, 391 So.2d 1133, 1137 (La.1980), U.S. cert. den. 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981). Upon resentencing, the trial court must, in accordance with North Carolina v. Pearce, supra, give the defendant credit for the time he has already served.
We need not review Assignment of Error No. 2, which complains that the six year sentence is excessive, since it will be vacated.
There is no merit to Assignment of Error No. 3, which complains of ineffective assistance of counsel. The record does not support the claim. Nor is there merit to defendant's claim that simple burglary of an inhabited dwelling is not a lesser offense included in aggravated burglary. Further, defendant's plea of guilty is not deficient, and there is no error in the denial of defendant's request to vacate the plea.
For the reasons discussed above, the sentence is vacated and the case is remanded for resentencing in accordance with this opinion.
BLANCHE and LEMMON, JJ., dissent and assign reasons.
LEMMON, Justice, dissenting.
I agree that a trial judge cannot resentence a defendant to a more severe penalty than the original sentence without demonstrating that the new sentence is not imposed in retaliation for the defendant's exercise of the constitutional right of review. However, the trial judge in this case clearly was not being vindictive because defendant sought postconviction review of the original sentence. The judge simply attempted in good faith to impose a new sentence of approximately equal severity, but without the illegal limitation on parole eligibility.[1] I would therefore affirm the sentence.
*730 BLANCHE, Justice (dissenting).
I respectfully dissent. The trial judge originally believed that punishment under Article 62.2 of the Criminal Code provided for "a mandatory hard labor sentence without benefit of parole, probation or suspension of sentence for up to twelve (12) years." A reading of the sentencing record reveals that the judge, because of the aggravating circumstances surrounding commission of the offense, unquestionably wanted the defendant to serve three years in prison without benefit of parole, probation or suspension of sentence.
On resentencing, the defendant failed to show any vindictiveness or retaliation on the part of the trial judge. In my opinion, the sentence is no more severe than the first because it would be possible for the defendant to be paroled in two years if he were a good prisoner. If he stayed "straight" thereafter, he would not have to worry about a parole revocation.
NOTES
[1] It is doubtful that the second sentence is more severe than the first. Under the second sentence defendant will be eligible for parole in 24 months, while under the first sentence defendant will be eligible for release with good time in 24 months. Since defendant is a first offender, there is a substantial probability that he will receive approval either of release on parole or good time release. While the majority points out that defendant might have to serve as much as 72 months, he will not probably have to do so unless his future behavior warrants parole revocation, which is a factor entirely in defendant's control.