446 So.2d 1200 (1984)
STATE of Louisiana
v.
Murl Lynn ALLEN.
No. 82-KA-2284.
Supreme Court of Louisiana.
February 27, 1984.
*1201 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Eric Harrington, Asst. Dist. Atty., for plaintiff-appellee.
Charles Seaman, Natchitoches, for defendant-appellant.
BLANCHE, Justice.
Murl Lynn Allen was charged by bill of information with aggravated battery and theft of property valued over $100, in violation of R.S. 14:34 and R.S. 14:67. At arraignment, defendant waived counsel and entered pleas of not guilty. Prior to trial defendant again appeared without counsel and, pursuant to a plea bargain for dismissal of the theft charge, entered a plea of guilty to the charge of aggravated battery. The trial judge ordered a pre-sentencing investigation and on April 10, 1981, sentenced Allen to two years in the Natchitoches Parish Jail under a work-release program. Under that program, Allen was to report to jail at 6 p.m. on Fridays and would be released at noon on Sundays.
On June 19, 1981, Allen filed an application for post-conviction relief, seeking to withdraw his guilty plea on the grounds that he was unrepresented and did not understand the ramifications of his guilty plea. A hearing was held on July 10, 1981 which resulted in the trial court's granting defendant's motion to withdraw his guilty plea. Defendant then stood trial before a jury on April 27, 1982 and was convicted of aggravated battery. Prior to sentencing the trial judge recused himself and the case was transferred back to Judge Cunningham,[1] who had accepted the earlier guilty plea and imposed the sentenced thereon. After a second pre-sentence investigation was completed, Allen was sentenced to serve three years with the Louisiana Department of Corrections. Allen has appealed this sentence, relying on three assignments of error.[2]

Assignment of Error No. 5
By this assignment defendant contends that he was denied due process of law. Allen argues that the substantial increase in sentence (from 2 years in parish prison under a work-release program to 3 years in the custody of the Department of *1202 Corrections) was due solely to the fact that he chose to exercise the rights and remedies available to him under the law and to apply for post-conviction relief. Allen relies upon the rule announced in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and this court's adoption of that rule in State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971).
In Pearce, the U.S. Supreme Court framed the issue as follows:
When at the behest of the defendant a criminal conviction has been set aside and a new trial ordered, to what extent does the Constitution limit the imposition of a harsher sentence after conviction upon trial? 397 U.S. at 713, 89 S.Ct. at 2074, 23 L.Ed.2d at 662.
The Court concluded that neither the double jeopardy provision nor the rights of equal protection serve as an absolute bar to the imposition of a more severe sentence upon reconviction.
A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and, mental and moral propensities." 395 U.S. at 723, 89 S.Ct. at 2079, 23 L.Ed.2d at 662; quoting, Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed.2d 1337 (1949). (emphasis added)
The Pearce Court cautioned, however, that the inquiry did not end with a consideration of double jeopardy or equal protection, but that the requirements of due process must also be considered. The Court held that due process of law prohibits vindictiveness or retaliation against a defendant who has successfully attacked his first conviction, since the fear of such vindictiveness or retailiation by way of imposition of a harsher sentence would deter a defendant from exercising his right to appeal or collaterally attack his first conviction. The Court concluded:
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670.
In the instant case, though a pre-sentence investigation was ordered after the guilty verdict was rendered, there is absolutely no indication in the record of the sentencing hearing of any "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" which would serve as a basis for the increased sentence. We therefore conclude that, since Allen's sentence was significantly increased without articulated reasons for the more severe sentence as required by North Carolina v. Pearce, supra, we must vacate the sentence in this case and remand to the trial court for re-sentencing consistent with this opinion. See also, State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971); State v. Franks, 391 So.2d 1133 (La.1980); State v. Upton, 396 So.2d 1309 (La.1981).
In its brief, the State relies upon Frank v. Blackburn, 646 F.2d 873 (5th Cir.1980); cert. denied, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123, for the proposition that Pearce is inapplicable to the case at bar. The State's reliance, however, is misplaced.
First, the facts in Frank are totally inapposite to those of the instant case because there was no re-trial or re-sentencing in Frank. Jimmy Frank was tried and convicted of armed robbery; once prior to trial and once during trial Frank was offered plea bargains with the judge guaranteeing a 20-year sentence in return for a plea of *1203 guilty. Frank rejected the bargain in both instances, stood trial, was convicted, and received a sentence of thirty-three years in prison. The U.S. Fifth Circuit Court of Appeals concluded that the rule of North Carolina v. Pearce did not apply to cases where the initial sentence exceeded that in a proffered but rejected plea bargain.
Second, the State overlooked the fact that the Pearce decision actually involved two cases which presented the same issue of permissibility of a harsher sentence upon re-sentencing. The second case, Simpson v. Rice, involved a factual situation virtually identical to the case at bar. Rice had pled guilty to four separate charges of second-degree burglary and was sentenced to a total of ten years. Two and one-half years later, the guilty pleas and judgments thereon were vacated on the ground that Rice had not been accorded his constitutional right to counsel. Rice then went to trial on three of the charges, was convicted, and was given sentences totalling twenty-five years. The U.S. Supreme Court reached the same conclusions in Rice as it did in Pearce.

Assignments of Error Nos. 3 and 4
In these assignments of error, the defendant first contends that the trial court improperly relied upon previous convictions in imposing sentence. The defendant argues that the prior convictions should not have been used because all were obtained without benefit of counsel.
Had these convictions been used to enhance defendant's sentence under the multiple-offender statute, R.S. 15:529.1, there might be some merit to this contention, but that is not the case. Similarly, defendant cannot complain of the consideration of these convictions insofar as the first sentence was concerned because that sentence is not before us. We note, however, that La.C.Cr.P. art. 875(A)(1), in dealing with pre-sentence investigation reports, specifically directs the probation officer preparing the report to inquire into "... the defendant's history of delinquency or criminality..." The first pre-sentence investigation, therefore, properly contained information regarding defendant's prior arrests and convictions.
Insofar as the imposition of sentence after re-conviction is concerned, the defendant is correct that his previous convictions should not have been a consideration in imposing the harsher sentence. As explained above, only conduct occurring after the time of the original sentencing can serve as a basis for the imposition of a harsher sentence upon re-conviction. North Carolina v. Pearce, supra.
Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. 395 U.S. at 723, 89 S.Ct. at 2079.
The defendant's second contention in these assignments of error is that the trial court failed to comply with La.C.Cr.P. art. 894.1. Defendant contends that the trial court did not consider mitigating circumstances as brought out in the trial testimony, as indicated in the pre-sentencing investigation, and as testified to by defendant during the sentencing hearing. Since we have already held that the case must be remanded for re-sentencing, including a full articulation for the record of the basis for any sentence imposed, we do not reach defendant's argument that the sentencing court failed to comply with La.C.Cr.P. art. 894.1.

DECREE
For the reasons assigned above, the sentence is vacated and the case remanded for re-sentencing in compliance with this opinion.
VACATED AND REMANDED.
DENNIS, J., concurs.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The trial judge perhaps made a tactical mistake by exercising his discretion in favor *1204 of permitting defendant to withdraw an apparently valid guilty plea.[1] Once the judge did so, however, he was stuck with that decision, and the sentence after the trial (following withdrawal of the guilty plea) could not be based on vindictiveness against defendant for exercising his right to trial.
Nevertheless, there is a suggestion that the original two-year sentence with work release on weekdays was part of a plea bargain.[2] This question may be addressed at the hearing on remand. If the evidence on remand establishes that the sentence was part of a plea bargain which the court set aside on defendant's motion, then defendant in effect rejected a proffered (although initially accepted) plea bargain. See Frank v. Blackburn, cited in the majority opinion. Under such circumstances, the original sentence was not a reasoned exercise of discretion based on the circumstances of the offense and the character and propensities of the offender, but was a compromise of many considerations, including the strengths and weaknesses of the state's evidence. Therefore, the rule of the Pearce case would not be applicable to the subsequent sentence.
NOTES
[1] Neither the recusal nor any reasons therefor appear in the record.
[2] Counsel argues exclusively about the post-trial sentencing, apparently conceding the correctness of defendant's conviction.
[1] Defendant had previously served time in the penitentiary and was apparently delighted to serve the sentence for this offense under a work release program. However, defendant moved to withdraw the guilty plea when the victim filed a civil suit against him for damages. Defendant stated to the judge in chambers (according to the judge's per curiam) that he did not want the conviction on his record when the civil suit came to trial.
[2] Defense counsel in brief makes the following statement:

"When Murl Lynn Allen originally plead[ed] guilty to Aggravated Battery on March 2, 1981, he did so while representing himself, and after entering into negotiations with the presiding judge, Judge W. Peyton Cunningham, Jr., and the District Attorney's office acting through Eric R. Harrington. Based upon his negotiations with these entities, defendant plead[ed] guilty on March 2, 1981 to Aggravated Battery, with the understanding that he would receive a sentence of confinement of two (2) years at the Natchitoches Parish Jail and that he would be released during the week under a work release program". (Emphasis supplied.)