482 So.2d 19 (1985)
STATE of Louisiana
v.
William M. TUCKER.
No. 85 KW 0808.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
*20 Office of Dist. Atty., Covington, for plaintiff-appellee.
William J. Faustermann, Jr., Slidell, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Relator/defendant, William Tucker, was charged by bill of information with DWI first offense in violation of LSA-R.S. 14:98 and by affidavit with improper lane usage in violation of LSA-R.S. 32:79. Both charges arose from the same incident and arrest which occurred in St. Tammany Parish on December 23, 1984.
Although not joined in the same indictment or information, the two matters were scheduled for trial together on April 19, 1985. Prior to the commencement of the proceedings, defendant, pursuant to LSA C.Cr.P. art. 779,[1] moved for a jury trial because imprisonment on convictions of both charges could exceed six months. This motion was promptly denied, and in addition, the trial judge, on his own motion, severed the charges ordering trial to be held solely on the DWI offense. Tucker was convicted and sentenced as charged.
Writs were granted in this matter to consider the propriety of the trial court's action in denying relator's motion for jury trial.[2] After a thorough examination of the pertinent legislation and jurisprudence, we are convinced that the defendant, as charged, was entitled to a jury trial. The ruling of the trial court is reversed and the case is remanded for trial by jury.
LSA C.Cr.P. art. 493 allows the joinder of two or more offenses, whether felonies or misdemeanors, in the same indictment or information, in separate counts for each offense, when the offenses are of the same or similar character or are based on the same act or transaction. Furthermore, LSA C.Cr.P. art 493.1 provides that when the two or more offenses joined within the same indictment or information are misdemeanors, the maximum aggregate penalty for those offenses cannot exceed six months imprisonment or a fine of five hundred dollars, or both.
On its face, C.Cr.P. article 493.1 would appear to be applicable to the present case since both DWI first offense and improper lane usage are misdemeanors. See LSA-R.S. 14:2(4), (6); LSA C.Cr.P. art 933. Thus, defendant would not be entitled to a jury trial since neither the imprisonment nor the fine exceeds six months or five hundred dollars. LSA C.Cr.P. art. 779.
However, article 493.1 is inapplicable since the defendant was not charged with the two misdemeanors in the same indictment or information, but rather was charged separately by bill of information (DWI) and affidavit (improper lane usage).
Thus, when two or more charges are joined for trial, as was done here, the aggregate punishment which may be imposed determines whether the right to trial by jury exists. State v. Williams, 404 So.2d 954 (La.1981); State v. McCarroll, 337 So.2d 475 (La.1976).
La. Const. art. 1, § 17 provides for trial by jury in those criminal cases where the punishment may be imprisonment for more than six months. The maximum possible imprisonment for DWI first offense is six months; for the offense of improper *21 lane usage, thirty days.[3] Since the total possible punishment exceeded six months imprisonment, William Tucker was entitled to a trial by jury as requested.
Although article 495.1 of the Code of Criminal Procedure provides that the trial court may grant a severance of offenses or order separate trials when there has been a joinder of offenses, this action can only be taken upon a showing that a defendant or the State is prejudiced by such a joinder. State v. Jones, 396 So.2d 1272 (La.1981).
The record in this case is devoid of any such showing being made by either party. By ordering the offenses to be tried separately, the trial court improperly denied the defendant his right to a jury trial. See, Jones, 396 So.2d at 1274.
Thus, the case will be remanded for a trial by jury on the offenses as charged.
REVERSED AND REMANDED.
NOTES
[1] LSA C.Cr.P. art. 779 provides:

A. A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.
[2] Because of the result reached by this Court on this issue, we need not address the other assignments of error raised by defendant.
[3] LSA-R.S. 32:57 is the penalty provision for violations of the Louisiana Highway Regulatory Act and provides as follows:

A. The first violation of the provisions of this Chapter or any regulation of the department, secretary, and commissioner made pursuant thereto shall be punished by a fine of not more than one hundred seventy-five dollars or by imprisonment for not more than thirty days, or both, unless otherwise specifically provided. A subsequent violation shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than ninety days, or both.
B. If the violator is other than an individual, there shall be no imprisonment but a double fine imposed.