FRED W. JONES, Jr., Judge.
We granted defendant’s application for a writ of review to consider whether the trial judge erred in granting the State’s oral motion to sever previously consolidated charges after this court had held defendant was entitled to a jury trial on those charges.
Defendant Eppinette was charged with DWI second offense [later amended to DWI first], driving left of center, and resisting an officer, violations of La.R.S. 14:98, 32:71, and 14:108, respectively. Defense counsel’s unopposed motion to coh-solidate these charges for trial was granted.
After a bench trial, defendant was found guilty of all charges and sentenced to pay a fine of $500 and serve 30 days in jail for the DWI first offense [this sentence was suspended and defendant was placed on unsupervised probation with conditions for two years]; to pay a fine of $25 or serve 30 days in jail for driving left of center; and to serve 90 days in jail for resisting an officer [this sentence was also suspended and defendant was placed on unsupervised probation, with conditions, for two years, to run consecutively with the previously given probationary period].
This court granted defendant’s application for a writ of review to determine whether the trial court erred in finding the police had reasonable cause to stop the defendant, whether the trial court erred when it allowed the State to introduce results of a blood alcohol test, and whether defendant had a right to a trial by jury and knowingly waived that right. Finding no error on the first two issues but determining that defendant had a right to a trial by jury and did not waive that right, we reversed the convictions and sentences and remanded for a new trial. See State v. Eppinette, 478 So.2d 679 (La.App. 2d Cir.1985) for a full recitation of the facts in this case.
On remand, the trial judge granted the State’s oral motion to sever, over defense counsel’s objection. The case was submitted to the same judge on the same evidence adduced at the previous trial. Defendant was again found guilty of all charges and sentenced to pay a fine of $500 and serve 30 days in jail for the DWI first offense; to pay a fine of $25 or serve 30 days in jail for driving left of center; and to serve 90 days in jail for resisting an officer. The 30 and 90-day jail terms were to run concurrently.
SEVERANCE
Defendant contends the trial judge erred in granting the State’s oral motion to sever previously consolidated charges after this court had held defendant was entitled to a jury trial. His argument is that the sole purpose for granting the State’s motion to sever was to deprive defendant of his constitutional right to a jury trial. We agree.
A trial court may sever properly joined offenses only upon a showing that the State is prejudiced by the joinder. “Prejudice” means detriment to one’s legal *1350 rights or claims. Mere inconvenience or loss of strategic advantage caused by a jury trial does not constitute prejudice. La.CCrP Article 495.1; State v. Jones, 396 So.2d 1272 (La.1981).
The State was not prejudiced by the joinder of these offenses. The motion to sever appears to have been prompted by nothing other than a desire to avoid a jury trial and was, consequently, improperly granted. Since the aggregate potential penalties exceed six months and/or a $500 fine, defendant has the right to a trial by jury. State v. Eppinette, supra, at page 683.
For the foregoing reasons, we reverse defendant’s convictions and sentences and remand to the district court for further proceedings consistent with .this opinion.*

 We note the trial judge increased the severity of defendant’s sentences after trial on remand.
In order to assure the absence of [vindictiveness against a defendant for having successfully attacked his first conviction], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed upon appeal. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
See also State v. Allen, 446 So.2d 1200 (La.1984); State v. Wise, 425 So.2d 727 (La.1983); State v. Upton, 396 So.2d 1309 (La.1981); State v. Franks, 391 So.2d 1133 (La.1980); and State v. Rutledge, 259 La. 543, 250 So.2d 734 (1971).