JASPER E. JONES, Judge.
Defendant, Johnny Ray Merrell, was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62. Pursuant to a plea bargain, defendant pled guilty to the charge of simple burglary and was sentenced, as a habitual offender, to serve eighteen years at hard labor. The sentence was ordered to be served concurrently with a six year hard labor sentence defendant received for an unrelated simple burglary conviction. Upon defendant’s motion for post conviction relief, the trial judge found he had been improperly sentenced as a habitual offender and resen-tenced him to serve twelve years at hard labor, with the sentence to run consecutively with his six year hard labor sentence. Defendant appealed.
On September 24 and 25,1979, defendant committed the instant offense of simple burglary at Carland Auto Parts in Monroe, Louisiana. On April 18, 1980, defendant pled guilty to a separate charge of simple burglary which occurred October 11, 1979, and was sentenced to serve six years at hard labor. On September 19, 1980, defendant pled guilty to the instant offense and was sentenced, as a habitual offender, to serve eighteen years at hard labor with the sentence to be served concurrently with his six year sentence for the separate burglary conviction. The state used defendant’s April 18,1980 simple burglary conviction as the predicate offense for enhancing defendant’s punishment as a habitual offender.
Defendant filed a motion to correct an illegal sentence, alleging he was improperly sentenced as a habitual offender because he was convicted of the predicate offense on April 18, 1980, after he committed the instant offense.[1] The trial judge granted defendant’s motion and resen-tenced him to serve twelve years at hard labor with the sentence to be served consecutively with his six year sentence imposed on the earlier simple burglary conviction. Defendant was subsequently granted an out-of-time appeal by the trial court.
Defendant contends the trial court failed to comply with LSA-C.Cr.P. art. 894.1 in imposing the maximum sentence for simple burglary and erred when it increased his original sentence by ordering it to be served consecutively, rather than concurrently, with his prior sentence. Defendant argues the trial judge failed to factually justify increasing his original sentence and the trial judge’s action, therefore, constitutes retaliation against him for successfully attacking the original illegal sentence and denied him due process of law.

Applicable Law

There is no absolute constitutional bar under the Due Process or Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution, or the Fifth Amendment guarantee against double jeopardy to the imposition of a more severe sentence upon retrial or resentencing of a defendant. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Allen, 446 So.2d 1200 (La.1984). State v. Eppinette, 494 So.2d 1348 (La.App.2d Cir.1986); State v. Wise, 425 So.2d 727 (La.1983).
However, when a state establishes avenues of appellate review, due process of law requires that these avenues be kept free of obstacles which impede open and equal access to the courts. Therefore, in *1236 order to avoid the possibility of vindictiveness upon a defendant for successfully attacking his conviction or sentence, when a judge imposes a more severe sentence in resentencing a defendant, his reasons for doing so must affirmatively appear in the record. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring subsequent to the original sentencing proceeding and the factual basis for the increased sentence must be made part of the record so its constitutionality may be fully reviewed on appeal. North Carolina v. Pearce, supra; State v. Wise, supra; State v. Allen, supra.
In the instant case, the trial judge who imposed the illegal eighteen year hard labor sentence on September 24, 1980 based the sentence upon the fact that defendant was convicted of simple burglary in 1976 and again in 1979, making the instant offense defendant’s third simple burglary conviction. The trial judge noted defendant’s prior convictions for misdemeanor theft, simple escape and resisting an officer. The trial judge felt defendant had a complete disregard for the law and the rights of others and any lesser sentence would deprecate the seriousness of the instant offense.
Defendant was resentenced on March 26, 1985, pursuant to his successful attack on his eighteen year illegal sentence. The trial judge resentenced defendant to serve the maximum penalty for simple burglary, twelve years at hard labor, and ordered it to be served consecutively with any other sentence defendant was serving. The trial judge noted defendant’s two prior simple burglary convictions, felt he was in need of correctional treatment and noted that simple burglary is a serious crime. The trial judge stated he had considered all of the criteria set forth in LSA-C.Cr.P. art. 894.1 and felt defendant should receive the maximum sentence. The March 26, 1985 sentence was vacated because defendant was not represented by an attorney at the time it was imposed pursuant to an order of the Second Circuit Court of Appeal dated September 5, 1985. The defendant was resen-tenced on November 13,1985, at a proceeding wherein defendant was represented by counsel. The same sentence was imposed as the sentence imposed on March 26,1985, subject to credit for time served. At the November 13, 1985 sentencing hearing the trial judge did not specifically state the new twelve year sentence must be served consecutive with the earlier six year sentence. However, when defendant wrote the trial judge for a clarification of the difference in the manner in which the March 26,1985 sentence and the November 13, 1985 sentence was imposed, the sentencing judge rendered the following order which recognizes that the November 13, 1985 twelve year sentence is to be served consecutive to the original six year sentence.
“RULING AND ORDER
Defendant files a handwritten document which is apparently a request for clarification of sentence. However, Article 883 of the Code of Criminal Procedure being applicable and that sentence therefore to be consecutive to any other viable sentence, defendant’s application requires no further action or hearing and is therefore denied.”
At the November 13,1985 sentencing hearing the trial judge did not amplify or add to in any way the reasons for sentence given by him at the March 26, 1985 sentencing hearing.
In a per curiam to this court, the trial judge stated no further presentence report should be necessary since he was not imposing a new sentence, but merely removing the illegal portion of the original sentence.[2]
We conclude the trial judge erred in increasing defendant’s original sentence by ordering it to be served consecutive to any *1237 other sentence because the trial judge failed to articulate, for the record, any conduct on the part of defendant occurring subsequent to the original sentencing proceeding which would justify increasing the original sentence. There can be no doubt that the trial judge increased defendant’s original (legal) sentence which should have been twelve years upon resentencing, although he agreed defendant’s original sentence had been improperly enhanced by six years. Defendant’s original eighteen year sentence was ordered to run concurrently with his prior six year sentence and the twelve year sentence imposed upon resen-tencing, was ordered to run consecutive to any prior sentence. The trial judge, therefore, in resentencing defendant to serve a twelve year hard labor sentence to be served consecutive to his prior six year sentence, has reimposed, for all practical purposes, a prison term equal in length to the original eighteen year illegal sentence.
The trial judge, in resentencing defendant, relied upon the same factual information considered by the trial judge who imposed the original illegal sentence. Increasing defendant’s original sentence, without new and additional justification, therefore, violated defendant’s due process rights because it creates the appearance of vindictiveness against defendant for successfully attacking his sentencing. North Carolina v. Pearce, supra; State v. Wise, supra. The sentence must be vacated and the case remanded for resentencing.
We need not address defendant’s contention that the trial judge failed to comply with LSA-C.Cr.P. art. 894.1 in imposing sentence, since we vacate the sentence on other grounds.
For the foregoing reasons, the sentence is vacated and the case is remanded for resentencing in accordance with this opinion.

. In order for a defendant to be sentenced as a habitual offender he must commit a felony after being convicted of an earlier felony. LSA-R.S. 15:529.1(A); State v. Chaney, 423 So.2d 1092 (La.1982). In the instant case, the state conceded that defendant was improperly sentenced as a habitual offender because he was convicted of the predicate offense after committing the offense for which he received enhanced punishment.

. This conclusion by the trial judge is erroneous. When a sentence is found to be illegal, the entire sentence is vacated. LSA-C.Cr.P. art. 882, Comment (b); State v. Johnson, 220 La. 64, 55 So.2d 782 (1951); State v. Jenkins, 451 So.2d 1142 (La.App. 3d Cir.1984), writ den., 456 So.2d 1018 (La.1984).