GULOTTA, Chief Judge.
We grant certiorari on relator’s application seeking to set aside a DWI conviction. According to defendant, the trial judge erred 1) by denying relator a jury trial, 2) by allowing a Mississippi River Bridge Police Officer to qualify as an expert in a DWI case; 3) by refusing to allow the defense to question a witness, who had filed a civil suit arising out of the DWI incident (in this regard, relator claims that he is denied the right to show bias on the part of the witness); and 4) by denying relator’s motion for an acquittal based on insufficient evidence.
The State’s witness, John Siemssen, testified that on December 18,1987, the defendant ran into the back of his parked truck which was occupied by himself, his wife and child. Immediately after the arrest, when Siemssen approached relator’s vehicle, relator took out his wallet and told him in slurred speech that he would “take care of everything”. Siemssen stated that he noticed that Lee was stumbling and had a strong odor of alcohol.
The Mississippi River Bridge investigating officer testified that when he arrived at the scene he asked defendant to perform a field sobriety test. According to the officer, relator had difficulty reciting the alphabet and could not walk in a straight line or stand on one foot without falling. Relator also refused to answer questions which were part of the interview for the field sobriety test.
Relator was charged in case # 117-521 with a violation of 14:98, operating a vehicle while intoxicated, and in case # 117-522 with a violation of 14:99, reckless operation of a vehicle. When arraigned, defendant entered a plea of not guilty to both charges. Relator moved for a jury trial, and the court, on its own motion, *401 severed the cases. After finding relator guilty on the DWI charge, the judge dismissed the reckless operation charge.
In his first assignment of error, relator claims that the sentence he could have received from both charges exceeded six (6) months therefore entitling him to a jury trial. Consequently, relator contends the trial court, on its own motion, could not sever the cases to defeat his right to a jury trial. In support, he cites State v. Tucker, 482 So.2d 19 (La.App. 1st Cir.1985), where a similar situation arose and on its own motion the trial judge severed the two cases.
In Tucker, the First Circuit reversed the conviction by the judge, noting that “[although article 495.1 of the Code of Criminal Procedure provides that the trial court may grant a severance of offenses or order separate trials when there has been a joinder of offenses, this action can only be taken upon a showing that a defendant or the State is prejudiced by such a joinder.” Because there was no such showing in the record, the First Circuit found that the trial court had improperly denied the defendant his right to jury trial.
We subscribe to the opinion of our brothers on the First Circuit in the Tucker case. However, our case is distinguishable. If the DWI charge and the reckless driving charge had both remained opened and viable, then relator could have received a sentence in excess of six (6) months. According to the dictates in the Tucker case, he would then be entitled to a jury trial. In the instant case, the reckless driving charge was dismissed. The maximum sentence that could have been imposed upon relator under the DWI charge was a maximum of six (6) months. Under these circumstances, we reject relator’s claim that he is entitled to a trial by jury.
In his second assignment of error, relator claims the investigating officer was not competent to give expert testimony in this DWI case.
The competency of expert witnesses is a question of fact within the sound discretion of the trial judge, and his ruling on the qualifications of experts will not be disturbed unless clearly wrong. State v. Watson 449 So.2d 1321 (La.1984), cert. den. Watson v. Louisiana, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985); State v. Maresco 495 So.2d 311 (La.App. 4th Cir.1986), writ den. 500 So.2d 419 (La.1987). Here, the investigating officer testified that he had been certified by the City of New Orleans and had taken a correspondence course in DWI training where he learned to conduct field sobriety tests and learned to detect DWI violators. In addition, the officer testified that he had conducted “numerous” field sobriety tests in which many arrests and convictions for DWI had resulted. As such, it does not appear that the trial judge erred by qualifying the officer as an expert. Therefore, this claim has no merit.
In his third claim, relator contends that the trial judge erred by refusing to allow his attorney to question Mrs. Siemssen regarding a civil lawsuit that she and her husband had filed against him arising out of the accident. The appellant contends that the purpose of these questions was to impeach Mr. and Mrs. Siemssen by showing bias on their part.
R.S. 15:486 provides for the impeachment of the testimony and credibility of witnesses. R.S. 15:492 provides:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
Any such questioning, however, must show that the prejudice is personal against the defendant, not just general in nature. State v. Williams, 445 So.2d 1171 (La.1984).
Here, the defense attorney did not ask Mr. Siemssen about the lawsuit, but it does appear that the question asked Mrs. Siemssen concerning the lawsuit was proper to show her possible bias. As such, it appears that the trial court erred by sus *402 taining the State’s objection to the question. However, it does not appear that the testimony sought by the relator would have changed the verdict. We find the error to be harmless. See C.Cr.P. art. 921; State v. Banks, 439 So.2d 407 (La.1983).
In his last assignment of error, relator claims that the evidence was insufficient to find him guilty of DWI.
This court in State v. Chestnut, 462 So. 2d 674 (La.App. 4th Cir.1984), affirmed a conviction for DWI where defendant was observed staggering, stumbling, fumbling for coins and having slurred speech and a strong odor of alcohol on his breath. Likewise, in State v. Legnon, 464 So.2d 910 (La.App. 4th Cir.1985) we also upheld a DWI conviction where the arresting officer had testified that defendant had slurred speech, a waivering stance, and a strong odor of alcohol on his breath.
Considering the testimony in the instant case, that relator was staggering, having trouble standing up, speaking in a slurred tone, could not walk a straight line, and had a strong odor of alcohol on his breath, we conclude there was sufficient evidence for a rational trier of fact to find relator guilty of the crime charged.
Accordingly, relator’s conviction and sentence are affirmed.
AFFIRMED.
PER CURIAM.
The most the relator could hope for would be a reversal of his conviction and a remand for a new trial. But since the reckless driving charge is no longer pending against him he can only be tried on the DWI charge which standing alone does not entitle relator to trial by jury. A remand under these circumstances would not be practical and is not warranted. The application for rehearing is denied.