SCHOTT, Chief Judge.
Defendant was charged with committing armed robbery on September 15, 1980. On December 3, 1980 he pled guilty and was sentenced to fifteen years pursuant to a plea bargain agreement. However, when the state moved to resentence him under the Habitual Offender Law he moved and was permitted to withdraw his plea of guilty and enter a plea of not guilty. On November 19, 1981 he was tried and convicted as charged and he was sentenced to forty years. On January 15, 1982 he was resentenced under the Habitual Offender Law to fifty years. On February 1, 1987 the court granted his motion for an out of time appeal.
In a single assignment of error defendant argues that the court erred in imposing a more severe sentence after his trial than the one imposed after the plea of guilty without enumerating reasons for the sentence. He also argues that the sentence was constitutionally excessive in any event and was imposed illegally because of the failure of the trial court to articulate the sentencing guidelines set at in C.Cr.P. art. 894.1.
When a convicted and sentenced defendant succeeds in having the conviction set aside and he is retried and reconvicted the judge who imposes a harsher sentence than the original sentence must state the reasons for doing so and the reasons must be based upon information concerning defendant’s conduct occurring after the time of original sentencing. Otherwise the defendant would be penalized for exercising his right to pursue post conviction relief. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Allen, 446 So.2d 1200 (La.1984).
In the instant case the original sentence of fifteen years was the result of a plea bargain which was invalid because the defendant did not bargain for resentencing under the Habitual Offender Law which would subject him to a minimum sentence of thirty-three years. Thus Pearce has no application here because the original sentence was not only not intended but could not be legally imposed under the Habitual Offender Law.
In a brief statement to the defendant before imposing sentence the trial judge told him that his record called for time in the penitentiary. He observed that the defendant was “graduating” to more serious crimes and that his previous time in the penitentiary had not “taught [him] a lesson.” The failure of the trial court to articulate all of the 894.1 guidelines is not fatal to the sentence if the record provides the appellate court with an adequate basis for review and constitutes adequate compliance with art. 894.1 State v. Douglas, 389 So.2d 1263 (La.1980).
The record shows that defendant was convicted of burglary and sentenced to four years in the penitentiary in 1976. He committed the present offense in 1980 with a colleague who held a gun on the victim while the defendant stood behind the victim and emptied his pockets. They fled and the gun was recovered from the apartment where defendant was found hiding. At the sentencing defendant offered nothing in mitigation. His sentence did not approach the maximum of 198 years and was only seventeen years over the minimum of 33 years. We are not persuaded that this constitutes an abuse of the trial judge’s sentencing discretion.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.