CIACCIO, Judge.
Although defendant seeks review of his conviction and sentence through appeal, we do not have appellate jurisdiction over this case. Art. 5, section 10 of the 197.4 Louisiana Constitution limits the criminal appellate jurisdiction of this court to cases triable by a jury. LSA-C.Cr.P. art. 779 provided [1] that a trial for a defendant charged with a misdemeanor, other than those where the maximum sentence exceeds six months imprisonment or a $500.00 fine, shall be tried by the court alone. We have, however, elected to treat defendant’s appeal as an application for supervisory writs and grant review of this matter.
As the result of an incident that occurred on March 26, 1986, defendant was charged under one bill of information with driving while intoxicated, second offense (LSA-R.S. 14:98) and resisting an officer (LSA-R.S. 14:108). He was charged under a second bill with disturbing the peace (LSA-R.S. 14:103). The cases were consolidated for trial. The defendant was found guilty on all three counts in a judge trial and sentenced. On appeal, this court reversed defendant’s convictions and sentences and remanded the case for a new trial. The three judge panel found that since there were separate bills of information and the aggregate total punishment exceeded six months, the defendant was entitled to a jury trial. State v. Locke, 523 So.2d 11 (La.App. 4th Cir.1988), unpublished opinion now incorporated as Appendix A.
On remand, defendant’s new trial commenced on May 24, 1988. Although the three counts in both bills of information had been previously consolidated for trial, the state moved for separate trials. Over the defense counsel’s objection, the trial judge granted the motion, and denied the defendant’s motion for a jury trial. The state then offered to consolidate the two matters if the defendant would waive his right to a jury trial, which the defendant refused.
Defendant was tried on the two counts in the first bill of information in a judge trial and found guilty on both counts. On the count of operating a vehicle while intoxicated, defendant was sentenced to six months in prison. The trial judge suspended the sentence and placed defendant on one year active probation, conditioned on his serving five months in prison and a payment of $1000.00 to the Indigent Defender Board. On the count of resisting an officer, defendant was sentenced to six months in the parish prison or payment of a $500.00 fine and court costs. The sentences were to be served concurrently.
On appeal, defendant contends he was improperly deprived of his right to a jury trial when the trial court granted the state’s motion to sever the previously consolidated charges after this court had held defendant was entitled to a jury trial. He argues the state failed to show it would be prejudiced if the offenses were tried together, and the state’s sole purpose in moving to sever was to avoid a jury trial.
LSA-C.Cr.P. art. 495.1 provides that the court may grant a severance of offenses if it appears that a defendant or the state is prejudiced by the joinder. Prejudice in this context means detriment to one’s legal rights or claims. Mere inconvenience or loss of strategic advantage caused by a jury trial does not constitute prejudice. State v. Jones, 396 So.2d 1272 (La.1981).
*605 The record in this matter reflects that at the beginning of defendant’s second trial, the counts in both bills of information were to be tried. The state called for trial the charges in the first bill of information, driving while intoxicated and resisting an officer, and requested that the defendant be tried on the disturbing the peace charge at a later date. The defense objected, and the state offered to try both matters if the defendant would waive his right to a jury trial. As the state’s motion to sever $ras prompted by nothing other than its desire to avoid a jury trial, and absent any showing of prejudice by the state, the severance should not have been granted. State v. Eppinette, 494 So.2d 1348 (La.App. 2d Cir.1986).
Because the trial court exceeded its authority in granting the state’s motion to sever, we reverse the defendant’s convictions and sentences.
The state, in moving for a severance, acted in direct contravention of our previ-, ous decision declaring that the defendant was entitled to be tried by a jury. The defendant has now been subjected to two trials and has been forced to file two appeals.
These charges arose out of an incident that occurred on March 26, 1986. More than four years have elapsed since defendant’s arrest. On April 12, 1988, this court remanded this case for a new trial. The defendant was prepared for and requested a jury trial on May 24, 1988. Under the provisions of LSA-C.Cr.P. art. 582 the new trial should have commenced within one year from the date the new trial was ordered. We do not consider the judge trial of May 24, 1988 a commencement of prosecution as required by LSA-C.Cr.P. art. 582. As of this date, more than two years have elapsed without prosecution commencing in obedience to our order.
Accordingly, under the provisions of LSA-C.Cr.P. art. 582, we find that no new trial may now commence, and any further prosecution of the defendant, Wendyl L. Locke, is barred.
We remand this case to the trial court for the sole purpose of allowing the defendant to move for the dismissal of all charges pending against him in connection with the incident of March 26, 1986; LSA-C.Cr.P. art. 581.
Upon defendant’s filing the motions to quash the bills of information, the trial court is ordered to grant the motions and to dismiss the charges.
SENTENCES AND CONVICTIONS REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS.

. The article was amended by Act 202 in 1988.