691 So.2d 712 (1997)
STATE of Louisiana
v.
Kimberly FRYER.
No. 96-K-2745.
Court of Appeal of Louisiana, Fourth Circuit.
February 19, 1997.
*713 Glenn L. Morgan, New Orleans, for Defendant/Relator.
Before LOBRANO, JONES and MURRAY, JJ.
JONES, Judge.
Kimberly Fryer seeks appellate review in her writ application, of her convictions of operating a vehicle while intoxicated and reckless operation of a vehicle. We deny her writ application.

STATEMENT OF THE CASE
On June 29, 1994 the defendant was charged in separate bills of information with one count of violating La.R.S. 14:98, relative to operating a vehicle while intoxicated, and one count of violating La.R.S. 14:99, relative to reckless operation of a vehicle. A judge trial occurred on September 19, 1996, after the court denied the defendant's motion to quash. The court found the defendant guilty on both counts. On November 21, 1996, the trial court denied the defense motions for post verdict judgment of acquittal, arrest of judgment, and new trial. The court then sentenced the defendant to six months in parish prison, suspended, with unsupervised probation for one year with special conditions, as to the driving while intoxicated. As to the reckless operation count, the defendant was sentenced to pay a fine of $25.00. On December 4,1996 the defense gave notice of intent to file a writ of review because the cases are non-appealable; the defendant was granted until December 16,1996. This timely application follows.

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1
The defendant urges two errors to this Court. First, she contends that she was denied her right to a jury trial because of the practice of the district attorney's office wherein separate bills of information are filed on each count. The defense did raise this issue in the trial court via a motion to consolidate and a motion for jury trial. Those motions were denied on December 8, 1994, but defense counsel apparently did not receive a copy or notice of the denial. The defense counsel subsequently filed an emergency writ in this Court, 96-K-0764, on the day before the scheduled trial date of April 4, 1996.[1] This Court denied the writ on the *714 showing made. Because the merits of the issue were not reached, they will be treated herein.
La.R.S. 14:98, first offense, carries a maximum jail term of six months and a maximum fine of $500.00. La.R.S. 14:99, first offender, carries a maximum sentence of imprisonment for not more than ninety days and/or a fine of $200.00. Both offenses are misdemeanors, and neither individually entitles the defendant to a trial by jury. La.C.Cr.P. art. 779. The defense first argues that if the two charges had been combined in one bill of information, then the aggregate terms would have exceeded six months in prison, thereby entitling her to a jury trial under La.C.Cr.P. art. 779(A), which provides for a jury trial for any misdemeanor with a potential sentence of more than six months in prison. The defense is wrong in this argument. La. C.Cr.P. art. 493.1 specifically provides that if two or more misdemeanors are joined in the same indictment or bill of information, then the maximum aggregate penalty that may be imposed for the misdemeanors may not exceed six months imprisonment and a $1,000.00 fine. Thus, if multiple charges were contained in one bill, the defendant would not have been entitled to a jury trial.
However, the defendant also correctly notes that the failure to consolidate the two cases resulted in the denial of the right to a jury trial. The jurisprudence of the courts of Louisiana support the defendant's argument that failure to consolidate two misdemeanors results in an improper denial of a jury trial, unless the State can show a legitimate prosecutorial end in opposing consolidation; a desire to prevent a jury trial is not a valid end. State v. Comeaux, 408 So.2d 1099, 1105 (La.1981); State v. Locke, 560 So.2d 603 (La.App. 4th Cir.1990); State v. Wallace, 539 So.2d 123 (La.App. 2nd Cir.1989), writ denied, 544 So.2d 400; State v. Lee, 533 So.2d 399 (La.App. 4th Cir.1988), writ denied, 536 So.2d 1242 (1989); State v. Tucker, 482 So.2d 19 (La.App. 1st Cir.1985).
State v. Locke is factually close to this case. In Locke, the defendant was charged in two separate bills of information which were consolidated for trial. The defendant did not receive a jury trial, and the trial court found him guilty on all counts. On appeal, this Court, in an unpublished opinion, reversed his convictions and sentences, finding he was entitled to a jury trial and had not waived his right to a jury, and the case was remanded for a jury trial. State v. Locke, 523 So.2d 11 (Table). On remand, the State moved to sever the cases, and the trial court granted the motion. The trial court then told the defendant he could have both cases tried together if he was willing to waive a jury trial. The defendant refused, and the trial court proceeded to try the defendant on only one of the bills. This Court again reversed in Locke, 560 So.2d 603. This Court found that the State's motion to sever was based solely on an attempt to deny the defendant a jury trial. Id. at 604.
Similarly, in State v. Lee, 533 So.2d 399, the defendant's two misdemeanor charges, La.R.S. 14:98 and 14:99, were filed in two separate bills of information. The trials were set for the same day, but when the trial court learned the defendant might want a jury trial, the court on its own motion severed the cases. The trial court found the defendant guilty of the DWI and dismissed the La.R.S. 14:99 charge of reckless operation. On writ of review, this Court found that the trial court erred by severing the counts, thereby denying the defendant his right to a jury trial.
The Lee opinion adopted the First Circuit's reasoning in State v. Tucker, 482 So.2d 19. In Tucker, the court found that the defendant was entitled to a jury trial and remanded for such a trial. However, the result in Tucker was distinguished in Lee. In Tucker, the defendant had not yet been tried on one of the misdemeanors because the trial court had severed the trials when it learned that defendant wanted a jury trial. In contrast, in Lee, the defendant's reckless operation charge had been dismissed, and thus the defendant was no longer entitled to a jury, according to this Court. This Court noted *715 that "[i]f the charges had both remained open and viable, then relator could have received a sentence in excess of six (6) months. According to the dictates in the Tucker case, he would then be entitled to a jury trial." Lee, 533 So.2d at 401.
In the instant case, defense counsel filed a motion to consolidate and for a jury trial. (A copy of the motion was attached to defendant's prior writ.) The trial court denied the motions, then held a single trial on both counts anyway.[2] Once the court scheduled a consolidated trial, the defendant had a clear right to a jury trial.
The secondary question at this time is whether the cases should be remanded for retrial before a jury. The defendant was sentenced to pay only a $25.00 fine on the reckless operation charge. He cannot now be sentenced to a term of imprisonment, because to do so would have a chilling effect on his right to review. Therefore, this case will be handled the same way as Lee. The trial court's error is noted, but no remand is ordered.

ASSIGNMENT OF ERROR NUMBER 2
In her second assignment, the defendant argues that the trial court incorrectly denied her oral motion to quash on the grounds that the time limitation for commencement of trial pursuant to La.C.C.P. art. 578 had expired. The defense concedes that the motion filed was oral; the writ application does not contain a written motion.
La.C.Cr.P. art. 536 states that a motion to quash "shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court." Oral motions to quash are properly not considered. State v. Moore, 93-1632 (La. App. 3rd Cir. 5/4/94) 640 So.2d 561, writ denied 94-1455 (La. 3/30/95) 651 So.2d 858. This assignment is without merit.
Therefore, we find that the trial court erred in denying defendant's motion to consolidate and her motion for jury trial. However, because of the sentence imposed on her conviction of reckless operation of a vehicle, a remand would not entitle defendant to a jury trial. For that reason, her writ application is denied.
WRIT APPLICATION DENIED.
NOTES
[1] We have reviewed the writ application. No documents were submitted, signed by the court, which set a return date. However, the minute entries provided with the instant writ show that counsel was advised in court on February 1, 1996, that the motions had been denied. Counsel gave notice of intent at that time.
[2] Although this Court has not been provided with a trial transcript, all minute entries show that the trial(s) were always set for the same date. Furthermore, the entry on the trial court's docket sheet on September 19, 1996 proceeds through both case numbers as one entry. Only one witness testified, and the State only introduced one set of exhibits. The defense made only one motion for a directed verdict, which the trial court denied. Finally the court rendered a single judgment finding "def. guilty of DWI & ROMV."