| .EDWARDS, Judge.
The State of Louisiana has appealed the judgment of the trial court granting the motion to quash the bill of information filed by defendant/appellee Ronald J. Ben-tel, Sr.. Bentel was charged with one count of contributing to the delinquency of a minor in violation of LSA-R.S. 14:92. He has been accused of knowingly allowing his minor son to be involved in a gang. The State alleges that the oral motion to quash *1248 the bill of information was improper. For the following reasons, we reverse the judgment of the trial court and remand the case for further proceedings.
On May 19, 1997, Bentel was arrested and charged with contributing to the delinquency of a minor in violation of LSA-R.S. 14:92. In the bill of information the State alleged that Bentel, being over the age of 17, enticed, aided and permitted his minor son, a person under the age of 17, to be a member of a gang. Discovery motions were filed by defense counsel and answered by the State.
IsThe matter went to trial on May 21, 1999 before the Honorable Clarence E. McManus of the Twenty-Fourth Judicial District Court. The State completed its opening statement, but Bentel chose not to give one. The State then called its first witness. During the State’s examination of the witness, Bentel orally moved to quash the bill of information. He requested that the trial court dismiss the proceeding on the grounds that enticing, aiding and permitting a minor to become a gang member was not a violation of the offense charged. The State responded that it was a violation of LSA-R.S. 14:92(A)(2) in that Bentel permitted his minor son to associate with vicious and disreputable persons. Bentel argued that the crime depicted by the State was a violation of LSA-R.S. 14:92.2, a crime with which Bentel had not been charged, and not LSA-R.S. 14:92. The trial court agreed and granted the motion to quash on the grounds that the crime did not fit the statute.
The State filed a motion for appeal on June 4, 1999 which was subsequently granted by the trial court. The matter is now before this Court for review.
LAW AND ANALYSIS
On appeal, the State alleges that the trial court erred in quashing the bill of information where the defendant had notice of the offense charged, stated he was satisfied with discovery, and failed to file a motion to quash in writing. Because Ben-tel failed to file the motion to quash in writing, the judgment of the trial court must be reversed and the case remanded for further proceedings.
LSA-C.Cr.P. art. 536 states that a motion to quash “shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of |4the clerk of court.”[1] Oral motions to quash are not properly considered.[2]
Bentel did not file a written motion to quash in this case as required by LSA-C.Cr.P. art. 536. He was given notice of the offense charged and later stated that he was satisfied with discovery. Ben-tel had sufficient time within which to file a written motion to quash the bill of information, but he chose not to do so. Rather, Bentel chose to orally move to quash the bill of information after the State had begun to examine its first witness. This oral motion was procedurally improper and the trial court erred in granting it. The judgment of the trial court must be reversed and the case remanded for further proceedings.[3]
The record was reviewed for errors patent.[4] The review reveals no errors patent in this case.
In summary, it is the opinion of this Court that the trial court erred in granting Bentel’s oral motion to quash the bill of information. The motion was not filed in writing as required by LSA-C.Cr.P. art. *1249 536 and is therefore improper. The judgment of the trial court must be reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.
CANNELLA, J., DISSENTS WITH REASONS.

. State v. Fryer, 96-2745 (La.App. 4th Cir. 2/1/9/97), 691 So.2d 712.

. Id. at 715; see also State v. Moore, 93-1632 (La.App. 3th Cir. 5/4/94); writ denied, 94-1455 (La.3/30/95), 651 So.2d 858.

. Even though the first witness has been sworn, jeopardy has not attached and the case may be remanded for further proceedings now that the trial court's ruling on the motion to quash has been reversed. See City of Baton Rouge v. Schmieder, 582 So.2d 1266 (La.1991).

. LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).